cc: DKW, ther

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUL 07 2026
at 1 o'clock and 47 min. P M
Lucy H. Carrillo, Clerk

DI WU
2995 Woodside Rd, 199
Woodside, CA 94062
Difinity812@gmail.com
Tel: 202-798-8535
Plaintiff, Pro Se

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAIʻI**

| | |
|---|---|
| **DI WU,**<br>Plaintiff,<br><br>vs.<br><br>**KING EYE LLC,** a Delaware limited liability company; and<br>**DOES 1–10,**<br>Defendants. | Civil No. CV 26 00350 DKW WRP<br>(Diversity — 28 U.S.C. § 1332)<br><br>**VERIFIED COMPLAINT FOR:**<br>(1) Unjust Enrichment;<br>(2) Quantum Meruit;<br>(3) Constructive Trust;<br>(4) Equitable Lien;<br>(5) Fraudulent Transfer (HRS ch. 651C); and<br>(6) Declaratory and Injunctive Relief<br><br>**DEMAND FOR JURY TRIAL**<br>**NOTICE OF LIS PENDENS FILED CONCURRENTLY** |

## VERIFIED COMPLAINT

Plaintiff **DI WU** ("Plaintiff" or "Wu"), appearing *pro se*, for his Complaint against Defendant **KING EYE LLC** and **DOES 1–10**, alleges as follows:

## I. NATURE OF THE ACTION

1. This is a civil action to recover the value of Plaintiff's substantial financial contributions to — and improvements upon — the residential property located at **1039 Koohoo Place, Kailua, Hawaiʻi 96734**, Tax Map Key (1) 4-3-006-016 (the "Property"), for which

Plaintiff has never been compensated.

2. Plaintiff contributed approximately **$220,000 toward the purchase** of the Property and thereafter furnished approximately **$1,563,122 in renovation and remodeling** work that transformed the Property from a tear-down condition into a renovated residence. Plaintiff's total financial contributions to the Property, including the purchase contribution, renovation costs, easement payments, property taxes, and other expenditures, exceed **$2,100,000**. An independent analysis by **Joe Uno Associates**, a leading Hawai‘i construction appraisal firm, estimated that the value of the renovation improvements furnished by Plaintiff would cost approximately **$2,300,000 in the Hawai‘i market**.

3. After Plaintiff conferred these substantial contributions and improvements upon the Property, title was conveyed through a succession of limited liability companies, ultimately to Defendant King Eye LLC, and the Property's recorded value rose from approximately **$1,800,000** (at the time of purchase in 2019) to **$3,390,000** — an increase substantially attributable to Plaintiff's unpaid improvements.

4. King Eye LLC was formed in the State of Delaware **on the same day** the deed conveying the Property to it was executed. The members of King Eye LLC are concealed. The Property was moved through shell entities during the pendency of related litigation concerning the Property and Plaintiff's interests in it. The pattern of transfers bears the hallmarks of a scheme to place the Property's value beyond the reach of Plaintiff's claims.

5. Plaintiff seeks restitution for the value of his contributions and improvements; the imposition of a constructive trust and equitable lien upon the Property and its proceeds; avoidance of the fraudulent transfers by which the Property was placed beyond Plaintiff's reach; and related equitable and declaratory relief.

## II. PARTIES

6. Plaintiff **Di Wu** is a natural person and a **resident of the State of California**.

7. Defendant **King Eye LLC** ("King Eye") is a limited liability company organized under the laws of the **State of Delaware** (Delaware Division of Corporations File No. 10510718), formed on or about **February 12, 2026**, with its statutory registered agent being **Harvard Business Services, Inc.**, located at 16192 Coastal Highway, Lewes, Delaware 19958. King Eye is the current record owner of the Property.

8. For purposes of diversity jurisdiction, a limited liability company is deemed a citizen of each State of which any of its members is a citizen. The identities of King Eye's members are not disclosed in the public records of the State of Delaware. On information and belief, and based on the facts pleaded herein — including King Eye's formation through a Delaware mass-formation registered agent, its acquisition of Hawaiʻi real property, and its connection to the Hawaiʻi-based actors identified below — **none of King Eye's members is a citizen of the State of California.** Plaintiff alleges King Eye's citizenship on information and belief and reserves the right to amend and to seek jurisdictional discovery to confirm the citizenship of each member.

9. **Defendants DOES 1–10** are persons or entities whose true names and capacities, whether individual, corporate, associate, member, or otherwise, are presently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Plaintiff is informed and believes that each fictitiously named Defendant is in some manner responsible for the events and damages alleged herein, including as undisclosed members or managers of the Defendant LLC, as transferors or participants in the transfers described below, or as persons who directed or benefited from the transfers. Plaintiff will seek leave to amend to allege their true names and capacities when ascertained. Plaintiff will dismiss any Doe defendant whose joinder would defeat complete diversity.

## III. JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction under **28 U.S.C. § 1332(a)(1)** because this is a civil action between **residents of different States** — Plaintiff is a resident of California and, on information and belief, no member of King Eye LLC is a citizen of California — and the **amount in controversy exceeds $75,000**, exclusive of interest and costs. Plaintiff's uncompensated contributions to the Property exceed **$2,100,000**.

11. **Complete diversity** exists: Plaintiff is a resident of California. On information and belief, no member of King Eye LLC is a citizen of California. Should jurisdictional facts as to any member's citizenship be disputed, Plaintiff respectfully requests leave to conduct limited jurisdictional discovery and, if necessary, to amend.

12. **Venue** is proper in this District under **28 U.S.C. § 1391(b)(2)** because a substantial part of the events giving rise to the claims occurred in this District and **the real property that is the subject of the action is situated in this District**, in Kailua, City and County of Honolulu, State of Hawai‘i.

13. This Court has authority to grant the declaratory relief requested under **28 U.S.C. §§ 2201–2202**, and to impose the equitable remedies requested under its general equity jurisdiction and the substantive law of Hawai‘i.

## IV. FACTUAL ALLEGATIONS

### A. The Property, Plaintiff's Purchase Contribution, and Plaintiff's Improvements

14. The Property is a residential parcel located at **1039 Koohoo Place, Kailua, Hawai‘i 96734**, identified as Tax Map Key (1) 4-3-006-016.

15. The Property was acquired by deed in or about **July 2019 for approximately $1,800,000**. At the time of purchase, the Property was in a **tear-down condition**, requiring substantial renovation before it could be inhabited.

16. Plaintiff contributed approximately **$220,000 toward the purchase price** of the Property, transferred to Dandan Zhang through verifiable bank transactions. These contributions were made pursuant to a joint investment agreement between Plaintiff and Zhang for the purchase of the Property.

17. In addition, Plaintiff paid approximately **$80,000 toward the purchase of an easement** for the Property, documented through Land Court records.

18. Following the purchase, Plaintiff **directed and funded a comprehensive renovation and remodel** of the Property. Plaintiff enlisted **Homage Builders, LLC** as general contractor and paid to the general contractor approximately **$1,563,122.00** for the repairs, renovations, and remodel of the Property. These costs were verified by the general contractor, **Danny Miao**, who confirmed under oath that Plaintiff personally paid him $1,563,122.00 for the renovation work.

19. In addition to the renovation costs paid to the general contractor, Plaintiff purchased additional materials and supplies necessary for the renovation. The total direct renovation expenditure exceeded **$1,563,122**.

20. Plaintiff also made regular **property tax payments** for the Property throughout the period of his investment, totaling approximately **$161,697**.

21. In total, Plaintiff's documented financial contributions to the Property — including the purchase contribution, easement payment, renovation costs, property taxes, and related expenditures — **exceed $2,100,000**.

22. **Joe Uno Associates**, a leading Hawai'i construction appraisal firm, prepared an analysis estimating that the cost of the renovation improvements furnished by Plaintiff would be between **$2,256,170 and $3,313,750 in the Hawai'i market**, with a midpoint of approximately **$2,651,000**. Even at the low end, the expert analysis confirms that Plaintiff's improvements substantially exceeded $2,000,000 in value.

23. Plaintiff possesses **before-and-after photographic documentation** of the improvements he furnished, construction records, contractor invoices, bank transfer records, the Joe Uno Associates analysis, and other evidence confirming his contributions.

24. The improvements were furnished by Plaintiff with the reasonable expectation of compensation and/or of a corresponding interest in or benefit from the Property; the improvements were known to and accepted by the persons who held or controlled the Property; and **no person or entity has ever compensated Plaintiff for these contributions or improvements**.

**B. The Chain of Transfers During Pending Litigation**

25. At all relevant times, the Property and the parties' competing interests in it have been the subject of **related, pending litigation**, including an action in the Circuit Court of the First Circuit, State of Hawai'i, bearing Case No. **1CCV-22-0000964**, and related District Court matters (Case No. **1DRC-22-0005097**) involving the Property and Plaintiff's interests in it.

26. On or about **June 3, 2024**, while that litigation was pending, the Property was transferred **by quitclaim deed to Koohoo Hale LLC** (a Delaware limited liability company registered in Hawai'i, DCCA File No. 323585 C6), recorded as Document No. **T12572189**, for a recited consideration of approximately **$1,900,000**. Koohoo Hale LLC listed its mailing address as the Property itself, and a person identified as **Shi Chen** appeared in the public record as its Manager.

27. On or about **February 12, 2026, King Eye LLC was formed in the State of Delaware** (File No. 10510718) through a mass-formation registered agent, Harvard Business Services, Inc.

28. On or about **the same date** — by deed **executed on or about February 12, 2026 and recorded on or about March 10, 2026** (Document No. **T13217047**) — the Property was

transferred **from Koohoo Hale LLC to King Eye LLC for $3,390,000**.

29. **King Eye LLC was thus formed contemporaneously with, and for the apparent purpose of receiving, the conveyance of the Property** — a newly created Delaware entity, formed through a mass-formation registered agent, with no disclosed members, taking title to Hawaiʻi real property in the midst of litigation concerning that very property.

30. The Property's recorded value increased from approximately **$1,800,000** (2019 acquisition) to **$3,390,000** (2026 transfer to King Eye) — **an appreciation of approximately $1,590,000** that is substantially attributable to the improvements Plaintiff furnished and for which he was never compensated. The Joe Uno Associates appraisal confirms that Plaintiff's improvements alone were valued between $2,256,170 and $3,313,750.

31. Throughout this period, the Property has been moved **through a succession of limited liability companies whose members are not disclosed in the public record**, with control concentrated in persons acting in concert whose identities are concealed behind corporate shells.

32. **Reasonable inference, pleaded as fact on information and belief:** The succession of transfers — from an individual owner to a foreign LLC mailing to the Property itself, and then to a same-day-formed Delaware shell with concealed ownership, during active litigation and without paying Plaintiff for the contributions and improvements that drove the Property's value — was undertaken to **hinder, delay, or defraud** Plaintiff in the collection of his claim and to place the Property's value beyond his reach.

### C. King Eye LLC Is Not Registered to Transact Business in Hawaiʻi

33. Despite owning real property in Hawaiʻi valued at $3,390,000, **King Eye LLC is not registered as a foreign limited liability company with the Hawaiʻi Department of Commerce and Consumer Affairs** as required by **HRS § 428-902**. This failure to

register while transacting business in this State is an additional indication that the entity was formed solely to receive the Property transfer and to obscure the true ownership.

## V. CAUSES OF ACTION

### COUNT I — UNJUST ENRICHMENT

*(Against Defendant King Eye LLC)*

34. Plaintiff realleges and incorporates paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff conferred a benefit upon Defendant and its predecessors by contributing approximately $220,000 toward the purchase of the Property, funding approximately $1,563,122 in renovation and remodeling, paying $80,000 for the easement, and paying approximately $161,697 in property taxes — labor, materials, and financial contributions that enhanced the value of the Property from approximately $1,800,000 to $3,390,000.

36. Defendant, as the current owner and holder of the Property, has received and retained the benefit of those contributions and improvements through the enhanced value of the Property.

37. Defendant has been **unjustly enriched** at Plaintiff's expense, and **it would be inequitable for Defendant to retain that benefit without paying Plaintiff its reasonable value**.

38. Plaintiff is entitled to restitution in an amount to be proven at trial, **not less than $2,100,000**, together with interest.

### COUNT II — QUANTUM MERUIT

*(Against Defendant King Eye LLC)*

39. Plaintiff realleges and incorporates paragraphs 1 through 33 as though fully set forth herein.

40. Plaintiff furnished valuable labor, materials, financial contributions, and improvements to the Property under circumstances in which Plaintiff reasonably expected to be

compensated, and in which the recipients of the benefit reasonably should have understood that Plaintiff expected compensation.

41. Defendant and its predecessors accepted and benefited from Plaintiff's contributions and improvements.

42. Under principles of quasi-contract and quantum meruit, Plaintiff is entitled to recover the **reasonable value** of the contributions and improvements he furnished, in an amount to be proven at trial, **not less than $2,100,000**, together with interest.

**COUNT III — CONSTRUCTIVE TRUST**

*(Against Defendant King Eye LLC)*

43. Plaintiff realleges and incorporates paragraphs 1 through 33 as though fully set forth herein.

44. The contributions and improvements Plaintiff furnished are **traceable into the Property and into its enhanced value**, including the proceeds of the transfers of the Property.

45. It would be inequitable to permit Defendant to retain the Property, or the value or proceeds thereof, to the extent that value reflects Plaintiff's uncompensated contributions and improvements.

46. Plaintiff is entitled to the imposition of a **constructive trust** upon the Property and/or its proceeds, in favor of Plaintiff, to the extent of the value of his uncompensated contributions and improvements.

**COUNT IV — EQUITABLE LIEN**

*(Against Defendant King Eye LLC)*

47. Plaintiff realleges and incorporates paragraphs 1 through 33 as though fully set forth herein.

48. Plaintiff's financial contributions, labor, materials, and improvements were furnished to and incorporated into the Property and substantially enhanced its value. Plaintiff has not been

compensated.

49. Because Plaintiff's contributions are identifiable in and have enhanced the Property, and because a remedy at law is inadequate in light of Defendant's pattern of acquiring the Property through a succession of shell entities with concealed ownership, equity requires that the Property be charged with the obligation to compensate Plaintiff.

50. Plaintiff is entitled to an **equitable lien** upon the Property in the amount of the value of his uncompensated contributions and improvements, **not less than $2,100,000**, to be enforced by foreclosure and sale if not satisfied.

## COUNT V — FRAUDULENT TRANSFER (HRS Chapter 651C)

*(Against Defendant King Eye LLC; Transferors and Transferees)*

51. Plaintiff realleges and incorporates paragraphs 1 through 33 as though fully set forth herein.

52. At all relevant times Plaintiff has held a **"claim"** within the meaning of HRS § 651C-1 — a right to payment arising from the unjust enrichment, quantum meruit, and equitable interests alleged above — and is therefore a **"creditor"** as to the transferors of the Property.

53. The transfers of the Property — to Koohoo Hale LLC (on or about June 3, 2024, Document No. T12572189) and to King Eye LLC (executed on or about February 12, 2026, recorded on or about March 10, 2026, Document No. T13217047) — were made **with actual intent to hinder, delay, or defraud** Plaintiff, in violation of **HRS § 651C-4(a)(1)**, and/or were made **without receiving a reasonably equivalent value** in exchange while the transferor was or became insolvent, in violation of **HRS § 651C-4(a)(2) and § 651C-5**.

54. The transfers bear multiple **statutory "badges of fraud"** under HRS § 651C-4(b), including, on information and belief:

(a) the transfers were to entities under common control and/or to **insiders**;

(b) the transferors or their principals **retained possession or control** of the Property after the transfers;

(c) the transfers occurred **during the pendency of, and after the threat of, litigation** concerning the Property;

(d) the transfers involved **substantially all** of the relevant asset;

(e) the chain of transfers and concealed LLC ownership reflect **concealment** of the asset;

(f) **King Eye LLC was a newly formed shell entity created on the same day** the deed to it was executed; and

(g) the members of the recipient entity are **not disclosed in any public record**.

55. Pursuant to **HRS § 651C-7**, Plaintiff is entitled to **avoidance** of the transfers to the extent necessary to satisfy his claim; to attachment of the Property; to an **injunction** against further transfer or disposition of the Property; to the appointment of a receiver if necessary; and to such other relief as the circumstances require, including imposition of a lien on the Property or its proceeds.

56. This claim is timely under **HRS § 651C-9**, having been brought within four years after the transfers and within one year after Plaintiff reasonably could have discovered them.

## COUNT VI — DECLARATORY AND INJUNCTIVE RELIEF

*(Against Defendant King Eye LLC)*

57. Plaintiff realleges and incorporates paragraphs 1 through 56 as though fully set forth herein.

58. An **actual controversy** exists between Plaintiff and Defendant concerning the parties' respective rights and interests in the Property, the validity of the transfers, and Plaintiff's entitlement to a constructive trust and equitable lien.

59. Plaintiff is entitled, under **28 U.S.C. §§ 2201–2202**, to a declaration of the parties' rights, and to **injunctive relief** restraining Defendant from further transferring, encumbering, or

disposing of the Property pending resolution of this action, in order to preserve the status quo and prevent further dissipation of the asset against which Plaintiff's claims lie.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

A. For **restitution and money damages** in an amount to be proven at trial, **not less than $2,100,000**, on Counts I and II;

B. For the **imposition of a constructive trust** upon the Property and/or its proceeds in favor of Plaintiff (Count III);

C. For the **imposition and foreclosure of an equitable lien** upon the Property in the amount of Plaintiff's uncompensated contributions and improvements (Count IV);

D. For **avoidance of the fraudulent transfers** of the Property under HRS § 651C-7, and for attachment of the Property and its proceeds (Count V);

E. For a **declaration** of the parties' respective rights and interests in the Property, and for **injunctive relief** restraining any further transfer, encumbrance, or disposition of the Property pending this action (Count VI);

F. For recognition and maintenance of the **Notice of Lis Pendens** recorded against the Property concurrently with this action;

G. For **prejudgment and post-judgment interest** as allowed by law;

H. For **costs of suit**; and

I. For such **other and further relief** as the Court deems just and equitable.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to **Federal Rule of Civil Procedure 38(b)**.

DATED: 07.04.2026.

DI WU
Plaintiff, Pro Se
2995 Woodside Rd, 199
Woodside, CA 94062
Difinity812@gmail.com
Tel: 202-798-8535