BRONSTER FUJICHAKU ROBBINS
A Law Corporation

REX Y. FUJICHAKU 7198
DANIEL J. COMER 11801
1003 Bishop Street, Suite 2300
Honolulu, Hawai'i 96813
Telephone: (808) 524-5644
Facsimile: (808) 599-1881
Emails: rfujichaku@bfrhawaii.com
dcomer@bfrhawaii.com

Attorneys for Defendant
KING EYE LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DI WU,<br><br>Plaintiff,<br><br>vs.<br><br>KING EYE LLC, a Delaware limited liability company; and DOES 1-10,<br><br>Defendants. | Civil No. 1:26-cv-00350-DKW-WRP<br><br>DEFENDANT KING EYE LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF YUN YAO; CERTIFICATE OF SERVICE |

**DEFENDANT KING EYE LLC'S MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant KING EYE LLC ("***Defendant***" or ***King Eye***"), a Delaware limited liability company, by and through its attorneys, Bronster Fujichaku

Robbins, moves to dismiss Plaintiff DI WU's ("***Plaintiff***" or "***Wu***") *Verified Complaint*, filed July 7, 2026 (ECF No. 1), for lack of subject matter jurisdiction.

Plaintiff's sole basis for invoking the Court's jurisdiction is 28 U.S.C. § 1332(a)(1), as a civil action between citizens of different states. *See* Verified Complaint ¶ 10. However, the citizenship of Defendant, a Delaware limited liability company, is determined by the citizenship of its sole member, whose domicile is in the People's Republic of China. Plaintiff purports to be a resident of California, *id.* ¶ 6, and Defendant is a citizen of China. This is not a suit between citizens of different states. Consequently, the Court lacks subject matter jurisdiction, and this action must be dismissed.

Defendant brings this motion pursuant to 28 U.S.C. § 1332(a)(1) and Federal Rules of Civil Procedure 7 and 12(b)(1), and is based on the memorandum in support, declaration, and record and file in this action.[1]

DATED: Honolulu, Hawaiʻi, July 30, 2026.

*<u>/s/ Rex Y. Fujichaku</u>*
REX Y. FUJICHAKU
DANIEL J. COMER

Attorneys for Defendant
KING EYE LLC

---

[1] Because Plaintiff is *pro se*, LR 7.8 is not applicable.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| DI WU,<br><br>Plaintiff,<br><br>vs.<br><br>KING EYE LLC, a Delaware limited liability company; and DOES 1-10,<br><br>Defendants. | Civil No. 1:26-cv-00350-DKW-WRP<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

## MEMORANDUM IN SUPPORT OF MOTION

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 7, 2026, Plaintiff filed his *Verified Complaint* (ECF No. 1]. Plaintiff claims to have filed the action to recover the value of his financial contributions to and improvements upon a residential property located at 1039 Koohoo Place, Kailua, Hawai‘i 96734 (the "***Property***"), for which Plaintiff claims he was not compensated. *Id.* ¶ 1. Defendant is the current owner of the Property. *Id.* ¶ 7.

Plaintiff alleges that the Court has subject matter jurisdiction over the case under 28 U.S.C. § 1332(a)(l) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* ¶ 10. Apart from 28 U.S.C. § 1332(a)(l), Plaintiff alleges no other basis for subject matter jurisdiction. *Id.* Plaintiff alleges that complete

diversity exists because Plaintiff is a resident of California, *id.* ¶ 6, and that upon information and belief, no member of Defendant, a Delaware limited liability company, is a citizen of California. *Id.* ¶¶ 8, 11.

The sole member of Defendant is Yun Yao. *See* Declaration of Yun Yao ("Yao Decl.") ¶ 3. Mr. Yao is a citizen of the People's Republic of China and intends to maintain his permanent residence in China. *Id.* ¶ 4.

## II. **LEGAL STANDARD**

On a motion to dismiss under FRCP Rule 12(b)(1), "[t]he party asserting jurisdiction bears the burden of establishing subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008). How the Court resolves the motion depends on whether the defendant raises a "facial" or "factual" jurisdictional attack. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A defendant asserts a "facial" challenge when he accepts the plaintiff's allegations as true but asserts that they "are insufficient on their face to invoke federal jurisdiction." *Id.* A defendant raises a "factual" challenge if he "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

When the defendant raises a factual attack, "[t]he plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for

subject-matter jurisdiction has been met," and "the district court may resolve those factual disputes itself." *Id.* at 1121 (citations omitted). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039.

## III. ARGUMENT

### A. The Court Lacks Diversity Jurisdiction Under 28 U.S.C. § 1332(a)(1) Because the Action Is Not Between Citizens of Different States.

Under 28 U.S.C. § 1332(a)(1), a federal district court has original jurisdiction of all civil matters where the matter in controversy exceeds $75,000 and the case is between citizens of different states. Section 1332(a)(1) provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States…

28 U.S.C. § 1332(a)(1). Plaintiff fails to satisfy, either facially or factually, his burden to establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See*, *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (observing "[t]he plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements of subject matter jurisdiction has been met.") (citing *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012)).

**1. The Complaint Is Facially Deficient**

Plaintiff's failure to allege the actual citizenship of Defendant renders his invocation of diversity jurisdiction facially flawed. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Whitmire v. Victus Ltd. t/a Master Design Furniture*, 212 F.3d 885, 887 (5th Cir. 2000)).

Courts have insisted that the citizenship of each member of a limited liability company be alleged in order to satisfy diversity jurisdictional requirements. *See, e.g.*, *Travelers Prop. Cas. Co. of Am. v. Everest Indem. Ins. Co.*, 2011 WL 13356109, *1 (S.D. Cal. Mar. 29, 2011) ("Conclusory statements that all the members or partners of a limited liability company or limited liability partnership are citizens of a certain state (or are not citizens of a certain state) do not satisfy the burden of proof of establishing diversity of citizenship."); *Am. Nat'l Trading Corp. v. McGladrey & Pullen, LLP*, 2009 WL 10675044, *2 n.1 (C.D. Cal. Feb. 23, 2009) ("The FAC fails to properly allege the citizenship of M&P because it does not allege the citizenship of each of its members."); *Iguana, LLC v. Patriot Performance Materials, Inc.*, 2008 WL 2967173, *1 (M.D. Ga July 30, 2008) ("Defendant's conclusory statement that none of the members of the limited

liability company are citizens of the State of North Carolina is insufficient.”). Therefore, Plaintiff’s bare allegation that “none of King Eye's members is a citizen of the State of California,” Verified Complaint ¶ 8, without alleging the actual citizenship of each member of Defendant, is insufficient to satisfy Plaintiff’s burden to establish diversity jurisdiction.

Even Plaintiff’s assertion that he is “a resident of the State of California,” *id.* ¶ 6, is insufficient to allege his *own* citizenship for jurisdictional purposes. “[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States.” *Kanter,* 265 F.3d at 857 (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989)). Plaintiff made no effort to allege that he fulfills the definition of citizenship of the United States, let alone the State of California. On its face, the Verified Complaint does not satisfy the requirements of diversity jurisdiction.

**2. <u>The Complaint is Factually Deficient</u>**

Plaintiff’s invocation of diversity jurisdiction under 28 U.S.C. § 1332(a)(1) is also factually flawed. For purposes of diversity jurisdiction, a limited liability company “is a citizen of every state of which its owners/members are citizens.” *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

A natural person's state citizenship is determined by his domicile. *Kanter,* 265 F.3d at 857. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).

Defendant's sole member is Mr. Yao. *See* Yao Decl. ¶ 3. Mr. Yao is a citizen of the People's Republic of China and intends to maintain his permanent residency in China. *Id.* ¶ 4. Because Mr. Yao's domicile is in China, his citizenship is of China, and consequently, Defendant's citizenship is of China. *See*, *e.g.*, *Lana'i Resorts, LLC v. Maris Collective, Inc.*, 2022 WL 3084574, *4 (D. Haw. July 13, 2022) (holding LLC defendant's "citizenship is determined by the citizenship of its owner/sole member, Ms. Sauter" which "in turn, is determined by her state of domicile") (citation omitted); *Eggs 'N Things Int'l v. ENT Holdings LLC*, 2010 WL 5834799, *7 n.5 (D. Haw. Dec. 16, 2010) (holding defendant LLC was citizen of Japan where defendant's sole member was citizen of Japan).

Since, for diversity purposes, "[t]o be a citizen of a state, a natural person must first be a citizen of the United States," *Kanter*, 265 F.3d at 857, and Mr. Yao and Defendant are citizens of China, there is no diversity of citizenship under 28 U.S.C. § 1332(a)(1), the only basis for this Court's subject matter jurisdiction cited by Plaintiff. *See* Verified Complaint ¶10. The Verified Complaint must be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court should dismiss the Verified Complaint.

DATED: Honolulu, Hawai‘i, July 30, 2026.

*/s/ Rex Y. Fujichaku*
REX Y. FUJICHAKU
DANIEL J. COMER

Attorneys for Defendant
KING EYE LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DI WU,<br><br>Plaintiff,<br><br>vs.<br><br>KING EYE LLC, a Delaware limited liability company; and DOES 110,<br><br>Defendants. | Civil No. CV26 00350 (DKW)(WRP)<br><br>DECLARATION OF YUN YAO |

**<u>DECLARATION OF YUN YAO</u>**

I, YUN YAO, hereby declares under penalty of law as follows:

1. I am over 18 years old and am competent to testify to the matters contained herein and, unless otherwise noted, I make these statements based on my personal knowledge.

2. I make this declaration in connection with *Defendant King Eye LLC's Motion to Dismiss For Lack of Subject Matter Jurisdiction* in the above-captioned matter.

3. I am Defendant King Eye LLC's sole member.

4. I am a citizen of the People's Republic of China. I intend to maintain my permanent residency in China.

Authentisign ID: 5C7BE426-E68A-F111-B337-000D3A1FE58D


I hereby declare under penalty of law that the foregoing statements are true and correct to the best of my knowledge and belief.

DATED: Hangzhou, People’s Republic of China, July 29, 2026.

________________________________
YUN YAO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| DI WU,<br><br>Plaintiff,<br><br>vs.<br><br>KING EYE LLC, a Delaware limited liability company; and DOES 1-10,<br><br>Defendants. | Civil No. 1:26-cv-00350-DKW-WRP<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct file-marked copy of the foregoing was served on all parties via U.S. Mail on the date indicated below.

DI WU
2995 Woodside Road, Apt. 199
Woodside, CA 94092

Plaintiff *Pro Se*

DATED: Honolulu, Hawai‘i, July 30, 2026.

*/s/ Rex Y. Fujichaku*
REX Y. FUJICHAKU
DANIEL J. COMER

Attorneys for Defendant
KING EYE LLC