BRONSTER FUJICHAKU ROBBINS
A Law Corporation

REX Y. FUJICHAKU 7198
DANIEL J. COMER 11801
1003 Bishop Street, Suite 2300
Honolulu, Hawai‘i 96813
Telephone: (808) 524-5644
Facsimile: (808) 599-1881
Emails: rfujichaku@bfrhawaii.com
dcomer@bfrhawaii.com

Attorneys for Defendant
KING EYE LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| DI WU,<br><br>Plaintiff,<br><br>vs.<br><br>KING EYE LLC, a Delaware limited liability company; KOOHOO HALE LLC, a Delaware limited liability company registered in Hawai‘i; DANDAN ZHANG, an individual; TIM MO, an individual; SHI SHEN, an individual; and DOES 1-10,<br><br>Defendants. | Civil No. 1:26-cv-00350-DKW-WRP<br><br>**DEFENDANT KING EYE LLC’S MOTION TO DISMISS PLAINTIFF’S FIRST AMENDED COMPLAINT, FILED AUGUST 18, 2026**; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF REX Y. FUJICHAKU; EXHIBITS 1 – 4; CERTIFICATE OF SERVICE |

**DEFENDANT KING EYE LLC'S MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT, FILED AUGUST 18, 2026**

Defendant KING EYE LLC ("***King Eye***"), a Delaware limited liability company, by and through its attorneys, Bronster Fujichaku Robbins, moves to dismiss Plaintiff DI WU's ("***Plaintiff***" or "***Wu***") *First Amended Complaint,* filed August 18, 2026 (ECF No. 16) ("***FAC***").

The FAC must be dismissed with prejudice. The FAC is an improper collateral attack on a state court judgment entered against Wu on the very same claims and issues raised here. Moreover, the federal claims based on the Racketeer Influenced and Corrupt Organizations Act ("***RICO***") are inadequately alleged, and cannot salvaged by further amendment. Because the RICO claims are the only basis for the assertion of federal question jurisdiction, the state claims should be dismissed as well as diversity jurisdiction is not alleged.

King Eye brings this motion pursuant to 28 U.S.C. § 1331 and Federal Rules of Civil Procedure 7 and 12(b)(1) and (b)(6), and is based on the memorandum in support, declaration, exhibits, and record and file in this action.[1]

---

[1] Because Plaintiff is *pro se*, LR 7.8 is not applicable.

DATED: Honolulu, Hawaiʻi, September 1, 2026.

*/s/ Rex Y. Fujichaku*
REX Y. FUJICHAKU
DANIEL J. COMER

Attorneys for Defendant
KING EYE LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DI WU,<br><br>Plaintiff,<br><br>vs.<br><br>KING EYE LLC, a Delaware limited liability company; *et al.*,<br><br>Defendants. | Civil No. 1:26-cv-00350-DKW-WRP<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

III. LEGAL STANDARD ..... 4

- A. FRCP 12(b)(1) ..... 4
- B. FRCP 12(b)(6) ..... 5

IV. ARGUMENT ..... 5

- A. The FAC Is A Collateral Attack on the State Court Action ..... 5
- B. Wu's RICO Claims Must Be Dismissed ..... 8
  - 1. Count VII: RICO § 1962(c) ..... 8
  - 2. Count VIII: RICO § 1962(d) (Conspiracy) ..... 15
- C. Wu's State Law Claims Must Be Dismissed ..... 17
  - 1. Count I: Fraudulent Transfer (HRS § 651C-4) ..... 18
  - 2. Counts II – V: Equitable Claims ..... 20
  - 3. Declaratory and Injunctive Relief (Count VI) ..... 25
- D. The Court Should Not Grant Leave to Amend ..... 26

V. CONCLUSION ..... 27

# TABLE OF AUTHORITIES

## Cases

*Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 460 (2006)..................................18

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). ..........................................................6

*Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993) .............................................20

*Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 509 (1959)................................24

*Bolos v. Waldorf-Astoria Mgmt. LLC*, 762 F. Supp. 3d 975, 1016 (D. Haw. 2025) 24

*Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008) ..........17

*City of Tacoma v. Taxpayers of Tacoma,* 357 U.S. 320, 334 (1958) ........................7

*Durette v. Aloha Plastic Recycling, Inc.*, 105 Hawai‘i 490, 100 P.3d 60 (2004)... 26, 28

*Eclectic Props. E., LLC v. Marcus & Millichap Co.,* 751 F.3d 990 (9th Cir. 2014)...9

*H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 239 (1989).........................13

*Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268–69 (1992) ............................17

*Howard*, 208 F.3d at 751..........................................................................................19

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008)..........................................................................................4

*In re Jamster Mktg. Litig.*, No. 05CV0819 JM (CAB), 2009 WL 1456632, at *5 (S.D. Cal. May 22, 2009)...........................................................................12

*In re Price*, 575 B.R. 461, 466 (Bankr. D. Haw. 2017) ..........................................27

*Kam Oi Lee v. Fong Wong*, 57 Haw. 137, 139, 552 P.2d 635, 638 (1976) .............25

*Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)........................................5

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014) ........18

*Maria v. Freitas*, 73 Haw. 266, 274, 832 P.2d 259, 264, .......................................26

*Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co. Ltd.*, 943 F.3d 1243, 1248 (9th Cir. 2019)..................................................16

*Porter v. Hu*, 116 Hawai'i 42, 55, 169 P.3d 994, 1007 (2007) ...............................24

*Queen's Med. Ctr. v. Kaiser Found. Health Plan, Inc.*, 948 F. Supp. 2d 1131, 1158 (D. Haw. 2013)..............................................................................................15

*Rein v. Providian Fin. Corp.,* 270 F.3d 895, 902 (9th Cir.2001) .............................7

*Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 366 (9th Cir. 1992).................14

*Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) ................................................10

*Ryan v. Salisbury*, 382 F. Supp. 3d 1031, 1056–57 (D. Haw. 2019) ................11, 19

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) .......................4

*Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) ................. 15, 16

*Seo Jeong Won v. England*, 2008 WL 5225872, at *5 (D. Haw. Dec. 12, 2008).....25

*State Farm Mut. Auto. Ins. Co. v. Indus. Pharmacy Mgmt., LLC*, 2009 WL 2448474, *4 (D. Haw. Aug. 11, 2009) ............................................................6

*Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004)...................................... 13, 19

*U.S. v. Adamant Co.*, 197 F.2d 1, 10 (9th Cir. 1952) .............................................27

*United States v. Lowry,* 512 F.3d 1194, 1203 (9th Cir.2008)....................................6

**Statutes**

18 U.S.C. § 1343 .....................................................................................15

18 U.S.C. § 1503 .....................................................................................15

18 U.S.C. § 1964(c) ..................................................................................16

18 U.S.C. § 1961 .......................................................................................1

18 U.S.C. § 1961(1) ..................................................................................15

18 U.S.C. § 1961(4) ..................................................................................11

18 U.S.C. § 1961(5) ..................................................................................13

18 U.S.C. § 1962(d) ..................................................................................13

18 U.S.C. § 1964(a) ........................................................................... 19, 20

18 U.S.C. §1962(c) ........................................................................ 9, 10, 19

28 U.S.C. § 1331 .......................................................................................1

28 U.S.C. §1367(c)(3).................................................................................21

Haw. Rev. Stat. §501-71...........................................................................3, 8

Haw. Rev. Stat. §501-82...........................................................................3, 8

Haw. Rev. Stat. §501-82(a) ......................................................................3, 8

HRS § 651C-1.........................................................................................22

HRS § 651C-4.........................................................................................23

HRS § 651C-4(a) .....................................................................................21

HRS § 651C-4(a)(1). .......... 22, 23

HRS § 651C-7 .......... 25

HRS § 651C-8(a) .......... 23

**OTHER AUTHORITIES**

33 Am. Jur., Liens, § 18. .......... 19

53 C.J.S., Liens § 4 .......... 19

*Equitable Lien*, Black's Law Dictionary (10th ed. 2014) .......... 23

**RULES**

Fed. R. Civ. P. 9(b) .......... 4, 9, 10

Fed. R. Civ. P. 12(b)(6) .......... 4

Fed. R. Civ. P. 12(b)(1) .......... 4, 6 , 8

Fed. R. Evid. 201 .......... 3

# MEMORANDUM IN SUPPORT OF MOTION

Defendant KING EYE LLC ("***King Eye***"), by and through its attorneys, Bronster Fujichaku Robbins, respectfully submits its memorandum in support of its *Motion to Dismiss Plaintiff Di Wu's First Amended Complaint, filed August 18, 2026 (ECF No. 16)* ("***Motion***").

## I. INTRODUCTION

On August 18, 2026, Plaintiff DI WU ("***Wu***") filed his First Amended Complaint ("***FAC***"), attempting to revive a prior state court lawsuit against Defendant DANDAN ZHANG ("***Zhang***") that was decided against Wu. The underlying dispute concerns Wu's alleged financial contributions and purported ownership interest in 1039 Koohoo Place, Kailua, Hawaii 96734 (the "***Property***"). Relying on newly asserted claims under the Racketeer Influenced and Corrupt Organizations Act ("***RICO***"), 18 U.S.C. § 1961, *et seq*., Wu attempts invoke this Court's federal question and supplemental jurisdiction over his state law claims. These efforts fail as a matter of law.

Wu admits that his claims have already been defeated in Hawaii state court. Wu now invites this Court to second guess the earlier state court judgment by collateral attack. Even on the merits, his RICO claims are infirm. King Eye acquired the Property as a bona fide third-party purchaser for value. King Eye played no role in the management or operation of any alleged enterprise and

committed no predicate acts of fraud. Because Wu cannot establish standing, causation, or particularized allegations of racketeering, his RICO claims must be dismissed with prejudice. Lacking federal question jurisdiction, the Court should likewise dismiss Wu's retread state law claims.

## II. FACTUAL BACKGROUND

Wu alleges that he has an interest in the Property based on a joint venture agreement which was produced in a related litigation in Hawaii state court, Civil No. 1CCV-22-0000964 (the "***State Court Action***").[2] Wu "candidly" admits that he "has litigated aspects of his interest in the Property in the Hawaii state courts," FAC ¶ 36.

In the State Court Action, Wu asserted several claims against Zhang, including injunctive relief, declaratory relief, quantum meruit/unjust enrichment, and equitable lien, related to Wu's claims of partial ownership of the Property. *See* **Exhibit 1** (Second Amended Verified Complaint filed July 21, 2023 [Dkt. 236]) ("***SAC***"); **Exhibit 2** (Memorandum in Support of Zhang's Motion for Summary Judgment filed August 30, 2024 [Dkt. 507]) at 17-18; FAC ¶ 36 (citing Zhang's Motion for Summary Judgment). After Zhang moved for summary judgment, the state court found that:

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, King Eye respectfully requests the Court to take judicial notice of the files and records in the State Court Action.

> Plaintiff has no legitimate claim to possession, use or title in the Property at issue here based on the absence of any properly registered written instrument on the TCT in Land Court filed within one year after the entry of the decree of registration, pursuant to Haw. Rev. Stat. §501-71, and without any applicable exceptions identified under Haw. Rev. Stat. §501-82. Under Haw. Rev. Stat. §501-82(a), "[e]very applicant receiving a certificate of title…[holds] the same free from all encumbrances except those noted on the certificate…."

**Exhibit 3** (*Findings of Fact, Conclusions of Law and Order Granting Defendant Zhang's Motion for Summary Judgment* entered on October 30, 2024 [Dkt. 547] ("***FOF/COL***")) at 6 (emphasis added); FAC ¶ 36 (citing FOF/COL).

On February 17, 2026, the court dismissed Wu's claims with prejudice and entered final judgment in favor of Zhang and against Wu on all counts. *See* **Exhibit 4** (*Final Judgment* filed February 17, 2026 [Dkt. 693].[3] On February 23, 2026, Wu appealed the final judgment; the appeal is pending before the Intermediate Court of Appeals. *See* FAC ¶ 36. Wu does not assert that he has moved or obtained any stay of the final judgment in the State Court Action.

In this action, Wu now *again* asserts several of these same claims in his federal complaint regarding his purported interest in the Property: constructive trust (Count II), equitable lien (Count III), unjust enrichment (Count IV), quantum meruit (Count V), and declaratory and injunctive relief (Count VI). *See* FAC ¶¶ 42-54. All such claims stem from the Property dispute resolved in the State Court

---

[3] The state court subsequently expunged several *lis pendens* filed by Wu against the Property. *See* FAC ¶ 30.

Action. To obtain federal question jurisdiction, Wu clothes his rejected state law claims in the garb of racketeering and conspiracy claims under the RICO statute (Counts VII & VIII). *See* FAC ¶¶ 55-65.

## III. LEGAL STANDARD

### A. FRCP 12(b)(1)

On a motion to dismiss under FRCP Rule 12(b)(1), "[t]he party asserting jurisdiction bears the burden of establishing subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008). How the Court resolves the motion depends on whether the defendant raises a "facial" or "factual" jurisdictional attack. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A defendant asserts a "facial" challenge when he accepts the plaintiff's allegations as true but asserts that they "are insufficient on their face to invoke federal jurisdiction." *Id.* A defendant raises a "factual" challenge if he "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

When the defendant raises a factual attack, "[t]he plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met," and "the district court may resolve those factual disputes itself." *Id.* at 1121 (citations omitted). "In resolving a factual

attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039.

**B. <u>FRCP 12(b)(6)</u>**

Under Rule 12(b)(6) of the FRCP, a complaint may be dismissed for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citation omitted). A motion to dismiss for failure to plead with particularity under FRCP Rule 9(b) is the "functional equivalent of a motion to dismiss under Rule 12 (b)(6)[.]" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

## IV. <u>ARGUMENT</u>

**A. <u>The FAC Is A Collateral Attack on the State Court Action</u>**

The FAC is a naked attempt at collaterally attacking the final judgment of the State Court Action. "Collateral attack is a jurisdictional issue that is properly addressed under a Rule 12(b)(1) motion." *State Farm Mut. Auto. Ins. Co. v. Indus.*

*Pharmacy Mgmt., LLC*, 2009 WL 2448474, *4 (D. Haw. Aug. 11, 2009) citing *United States v. Lowry,* 512 F.3d 1194, 1203 (9th Cir.2008)).

"The collateral attack doctrine precludes litigants from collaterally attacking the judgments of other courts." *Rein v. Providian Fin. Corp.,* 270 F.3d 895, 902 (9th Cir.2001). The collateral attack doctrine applies where a court is asked to "re-examine and decide a question which has been *finally determined." State Farm,* 2009 WL 2448474 at *4 (emphasis in original) (quoting *City of Tacoma v. Taxpayers of Tacoma,* 357 U.S. 320, 334 (1958)). "In order to be an impermissible collateral attack of an earlier judgment, the relevant claims must have been directly ruled on in the prior proceeding." *Id.* at *5 (citations omitted). Thus, "the earlier judgment must actually address that specific issue and make a determination in order for the doctrine to apply." *Id.* (citations omitted).

All of Wu's claims in the FAC revolve around Wu's alleged partial ownership of the Property. "This is a civil action to redress an organized, years-long scheme to strip Plaintiff of his asserted ownership interest in the residence located at **1039 Koohoo Place, Kailua, Hawai'i 96734,** Tax Map Key (1) 4-3-006-016 (the "Property")…." FAC ¶ 1 (emphasis in original). It is undisputed that Wu's claims seek damages, declaratory and injunctive relief based on his asserted proprietary ownership of the Property.

However, the exact same issues and claims have been already adjudicated in the State Court Action. Wu's Second Amended Complaint in the State Court Action asserted several claims, including injunctive relief, declaratory relief, quantum meruit/unjust enrichment, and equitable lien, related to Wu's claims of partial ownership of the Property. *See* **Exhibit 1** at ¶¶ 89-98, 127-136, 188-191. Likewise, Wu's FAC in this action seeks declaratory and equitable relief based on Wu's alleged 25% ownership of the Property. *See* FAC ¶¶ 42-54. Wu's RICO and fraudulent transfer claims are similarly grounded in his claim of partial ownership of the Property. *Id.* ¶¶ 37-41, 55-65.

In ruling against Wu in the State Court Action, the state court unequivocally found that Wu lacked any ownership interest in the Property:

> Plaintiff has no legitimate claim to possession, use or title in the Property at issue here based on the absence of any properly registered written instrument on the TCT in Land Court filed within one year after the entry of the decree of registration, pursuant to Haw. Rev. Stat. §501-71, and without any applicable exceptions identified under Haw. Rev. Stat. §501-82. Under Haw. Rev. Stat. §501-82(a), "[e]very applicant receiving a certificate of title…[holds] the same free from all encumbrances except those noted on the certificate…."

**Exhibit 3** (FOF/COL) at 6 (emphasis added). The state court's final judgment relied in part on its earlier FOF/COL. *See* **Exhibit 4** at 2. It is clear that "the earlier judgment … actually address[ed] that specific issue and ma[de] a determination in order for the doctrine to apply." *State Farm,* 2009 WL 2448474 at *5. There is no question that Wu is asking this Court to "re-examine and decide a question which

has been finally determined.*" Id.* at *4. Consequently, the FAC must be dismissed based on lack of subject matter jurisdiction. *See Lowry*, 512 F.3d at 1203 (affirming the district court's conclusion that it did not have jurisdiction to consider the defendant's collateral attack of her administrative proceedings).

**B. <u>Wu's RICO Claims Must Be Dismissed</u>**

Wu's federal RICO claims asserted against King Eye fail to state a viable claim upon which relief can be granted under FRCP Rule 12(b)(6) and are not pled with sufficient particularity under FRCP Rule 9(b). Accordingly, they must be dismissed.

**1. Count VII: RICO § 1962(c)**

To state a RICO claim under 18 U.S.C. §1962(c), Wu must allege that King Eye "participate[d] in (1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity or collection of unlawful debt." *Eclectic Props. E., LLC v. Marcus & Millichap Co.,* 751 F.3d 990, 997 (9th Cir. 2014) (citing 18 U.S.C. § 1962(c)). Wu fails to allege facts supporting a viable RICO claim against King Eye for the reasons set forth below.

**a. Participation**

"'[T]o conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs,' [18 U.S.C.] § 1962(c), one must participate in the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 185

(1993). Accordingly, "one must have *some* part in *directing* [the enterprise's] affairs." *Id*. at 179 (emphasis added).

Wu fails to plausibly plead sufficient facts demonstrating that King Eye directed the affairs of the purported enterprise. *See* FAC ¶ 58. Wu's own allegations regarding King Eye limit its involvement to that of a purchaser of the Property. *See id.* ¶¶ 33, 59(a)–(b). Far from directing a purported criminal enterprise, King Eye acted "at the direction of, the person controlling the Enterprise," and Yun Yao, King Eye's sole member, was "selected, installed, or interposed to hold and conceal the Property for undisclosed principals[.]" *Id*. ¶¶ 33, 34. A bona fide third-party purchaser cannot "participate" in the management or operation of an enterprise.

Wu literally concedes that King Eye's conduct (as well as the conduct of Defendants Shi Chen and Koohoo Hale LLC) does not satisfy 18 U.S.C. § 1962(c) when he stated, "To the extent Shi Chen or either entity is shown to have acted only as a passive title-holding conduit rather than as a director of the Enterprise's affairs, Plaintiff pleads their liability in the alternative under the RICO conspiracy count (Count VIII), which does not require satisfaction of the operation-or-management test." FAC ¶ 58. This RICO claim against King Eye should be dismissed.

**b. Enterprise**

An "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Wu alleges the "1039 Property Enterprise" is an association-in-fact enterprise. FAC ¶ 56. To show an associated-in-fact enterprise, a plaintiff must plead three elements: "(1) common purpose; (2) an 'ongoing organization,' either formal or informal; and (3) that 'the various associates function as a continuing unit.'" *Ryan v. Salisbury*, 382 F. Supp. 3d 1031, 1056–57 (D. Haw. 2019) (quoting *Odom v. Microsoft Corp*., 486 F.3d 541, 552 (9th Cir. 2007)).

Wu asserts that King Eye and other defendants "formed, funded, instructed, and benefitted from the chain of transfers, associated together for the common purpose of acquiring, transferring, retaining, and concealing the Property so as to defeat, impair, and place beyond reach Plaintiff's asserted 25% interest while concealing true beneficial ownership." FAC ¶ 22. Absent Wu's conclusory labels, "the allegations allege conduct consistent with ordinary business conduct and an ordinary business purpose" of a purchase of real estate and <u>not</u> a RICO enterprise, at least for King Eye. *In re Jamster Mktg. Litig*., No. 05CV0819 JM (CAB), 2009 WL 1456632, at *5 (S.D. Cal. May 22, 2009).

Wu further fails to adequately allege an "ongoing organization," which must be "a vehicle for the commission of two or more predicate crimes" with sufficient precision, or a "continuing unit," which focuses on "whether the associates' behavior was 'ongoing' rather than isolated activity." *Odom*, 486 F.3d at 543, 553. If Wu's allegations are to be believed, the 1039 Property Enterprise completed its objective "to defeat, impair, and place beyond reach Plaintiff's asserted 25% interest while concealing true beneficial ownership" with the June 2024 transfer from Defendant Zhang to Defendant Koohoo Hale LLC. FAC ¶¶ 24, 31. King Eye is not alleged to have participated in this initial act. Wu also fails to allege that the Enterprise will further transfer the Property or take any other predicate crimes.

**c. Pattern**

Similar to the lack of a continuing and ongoing association-in-fact, Wu also fails to allege a sufficient pattern, which "itself requires the showing of a relationship between the predicate [crimes] and of the threat of continu[ed criminal] activity." *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 239 (1989) (internal citation and quotation marks omitted). Consequently, "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement." *Id.* at 241. "In order to constitute a 'pattern,' there must be at least two acts of racketeering activity within ten years of one another." *Id.* (citing 18 U.S.C. § 1961(5)). Two acts are necessary, but not

sufficient, to find a violation. *Id.* at 238. "Thus, in order to allege open-ended continuity, a RICO plaintiff must charge a form of predicate misconduct that 'by its nature projects into the future with a threat of repetition.'" *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) (quoting *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 366 (9th Cir. 1992)). Conversely, "an alleged 'series of related predicates' not 'extending over a substantial period of time' and not 'threatening . . . future criminal conduct' fails to charge closed-ended continuity." *Id.* (quoting *Howard*, 208 F.3d at 750).

Wu does not establish how successive transfers of title amount to a threat of continued criminal activity against him. Nor does he show how each transfer of title re-injures him. Wu appears primarily interested in recovering the value of his purported financial contributions and purported interest in the Property rather than any formal ownership interest. *See* FAC, Counts I – VI (failing to allege quiet title cause of action). Furthermore, Wu makes no factual showing that any threat of future criminal conduct exists sufficient to establish open-ended or close-ended continuity. Instead, Wu relies on conclusory allegations that the alleged predicate acts carry "a threat of continuation," based solely on his assertion that defendants are "obstruct[ing] [his] recovery of the Property." FAC ¶ 61.

**d. Racketeering Activity**

Racketeering activity "is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice." *Turner*, 362 F.3d at 1229 (citing 18 U.S.C. § 1961(1) (identifying § 1341 (mail fraud), § 1343 (wire fraud) and § 1503 (obstruction of justice) as predicate acts under RICO).

Wu relies on wire fraud. *See* FAC ¶ 59. An assertion of wire fraud under 18 U.S.C. § 1343 requires Wu to allege the following elements "(1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (citation omitted). Under FRCP Rule 9(b), "[w]hile the elements of knowledge and intent may be averred generally, the factual circumstances of the fraud itself require particularized allegations." *Queen's Med. Ctr. v. Kaiser Found. Health Plan, Inc.*, 948 F. Supp. 2d 1131, 1158 (D. Haw. 2013) (citing *Sanford*, 625 F.3d at 558).

In relying on conclusory allegations of wire fraud under 18 U.S.C. § 1343 as the predicate act to support his charge of racketeering, Wu does not even assert that King Eye engaged in wire fraud. Instead, he alleges that "the *associates* directing King Eye and Koohoo Hale used interstate and foreign wires . . . to convey the

Property to a same-day formed entity held behind a single foreign nominal member, while concealing Plaintiff's interest and the true beneficial ownership." FAC ¶ 59(b) (emphasis added). This is insufficient. Even if Wu had plausibly alleged that King Eye engaged in wire fraud, his conclusory allegations without any factual underpinning are noncompliant with FRCP Rule 9(b).

**e. Causation/Injury**

To establish standing under 18 U.S.C. § 1964(c), Wu must show "(1) that his alleged harm qualifies as injury to his business or property; and (2) that his harm was 'by reason of' the RICO violation." *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co. Ltd.*, 943 F.3d 1243, 1248 (9th Cir. 2019) (quoting *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008)). This requires demonstrating that King Eye's conduct was the actual cause of the injury. Wu "must show that the defendant's RICO violation was not only a 'but for' cause of his injury, but that it was a proximate cause as well.'" *Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*, 298 F.3d 768, 773 (9th Cir. 2002) (citing *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268–69 (1992)).

Actual cause requires a showing that the injury would not have occurred but for the defendant's actions. The causal connection must be direct, not attenuated by independent intervening actions. Wu cannot satisfy this threshold. His alleged injuries predate King Eye's involvement entirely. Even if Wu could establish actual

cause, he must independently demonstrate proximate cause. Proximate causation requires a direct relationship between the alleged injury and the defendant's conduct. Wu's alleged harm cannot be "too remote" from King Eye's purportedly unlawful conduct. *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co. Ltd.*, 943 F.3d 1243, 1248–49 (9th Cir. 2019) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133 (2014)). The central question in any RICO proximate causation analysis is "whether the alleged violation led directly to plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 460 (2006).

That direct link is entirely absent here. Wu's alleged injuries occurred long before King Eye ever acquired the Property. FAC ¶ 32. King Eye purchased the Property for $3,390,000 as a bona fide third-party purchaser. Its acquisition neither triggered nor contributed to Wu's harm. Because King Eye's involvement postdates Wu's purported injury, the causal chain is irreparably broken. Attributing any portion of Wu's damages to King Eye is legally and factually impossible. Consequently, because Wu cannot establish causation, he cannot maintain a RICO claim against King Eye. Count VII must be dismissed with prejudice.

### 2. Count VIII: RICO § 1962(d) (Conspiracy)

If the Court holds that Wu failed to sufficiently allege a violation of § 1962(c), his § 1962(d) claim must in turn fail. *Turner*, 362 F.3d at 1231 n.17

("Because appellants failed to allege the requisite substantive elements of a RICO claim under 18 U.S.C. § 1962(c), appellants' claim under 18 U.S.C. § 1962(d) . . . also fails.").

To state a claim for conspiracy to violate RICO under § 1962(d), a plaintiff must allege "either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Howard*, 208 F.3d at 751. "The illegal agreement need not be express as long as its existence can be inferred from the words, actions, or interdependence of activities and persons involved." *Oki Semiconductor Co.*, 298 F.3d at 775. Under 18 U.S.C. § 1962(d), "while a conspiracy defendant need not have personally committed a predicate act, or even an overt act in furtherance of the RICO conspiracy, the defendant must be 'aware of the essential nature and scope of the enterprise and intended to participate in it.'" *Ryan v. Salisbury*, 382 F. Supp. 3d 1031, 1057 (D. Haw. 2019) (quoting *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993)). "[T]he failure to adequately plead a substantive violation of RICO precludes a claim for conspiracy." *Howard*, 208 F.3d at 751.

Wu fails to plausibly allege that King Eye knew that it was acting in furtherance of the alleged conspiracy. Wu's only allegation regarding King Eye involves its principal and the purchase of the Property:

> In furtherance of the scheme, on or about February 12, 2026, the associates directing King Eye and Koohoo Hale used interstate and

> foreign wires – including the electronic Delaware formation of King Eye though a mass-formation agent the same day, the transmission of the recited $3,390,000 consideration, and the interstate transmission of the deed recorded March 10, 2026 as Document No. T13217047 – to convey the Property to a same-day-formed entity held behind a single foreign nominal member, while concealing Plaintiff's interest and the true beneficial ownership. The deceptive purpose, interstate/foreign character, and causal connection to Plaintiff's injury are as alleged.

FAC ¶ 59(b). What Wu describes is a typical property transaction with seller and buyer using corporate entities to hold title—not a RICO conspiracy.

Nor did Wu allege with sufficient particularity that King Eye was "aware of the essential nature and scope of the enterprise[.]" *Baumer*, 8 F.3d at 1346. Instead, Wu improperly resorts to guilt by association, painting King Eye with the same broad brush as the other defendants but failing to sufficiently allege knowledge and intent to defraud by King Eye. Such elements are essential to a viable §1962(d) claim. Bona fide third-party purchasers like King Eye should not be dragged into federal court to defend against racketeering allegations simply because it purchased a property that was in Wu's crosshairs. Count VIII must be dismissed with prejudice.

## C. <u>Wu's State Law Claims Must Be Dismissed</u>

Wu failed to plausibly allege sufficient facts for viable RICO claims against King Eye. Absent viable RICO claims, this Court lacks federal question jurisdiction. Consequently, the Court cannot exercise supplemental jurisdiction and must dismiss Wu's state law claims against King Eye. *See* 28 U.S.C. §1367(c)(3) (a

court should not exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction[.]"). Even assuming *arguendo* that Wu's RICO claims are viable, he still fails to sufficiently plead his state law claims against King Eye.

**1. Count I: Fraudulent Transfer (HRS § 651C-4)**

Under HRS § 651C-4(a) of the Hawaii Uniform Fraudulent Transfer Act ("HUFTA"), a "transfer made or obligation incurred by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer or incurred the obligation: (1) [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor; or (2) [w]ithout receiving a reasonably equivalent value in exchange for the transfer or obligation[.]"

Wu asserts that the first transfer from Zhang to Koohoo Hale in 2024 "was a transfer made by the debtor with actual intent to hinder, delay, or defraud Plaintiff," citing HRS § 651C-4(a)(1). FAC ¶ 39. But in order to maintain a fraudulent transfer claim against the purported debtor, *i.e.*, Zhang, Wu must be a creditor, defined as someone who "has a claim against a debtor." HRS § 651C-1. A claim is defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *Id.*

Wu does not (and cannot) allege a fraudulent transfer claim against King Eye, as Wu does not allege that he is a creditor to King Eye. He asserts it against Zhang based on claims related to his purported interest and financial contributions to the Property in the State Court Action that have since been resolved in Zhang's favor and reduced to final judgment against Wu. *See* **Exhibit 4**. Instead, Wu justifies naming King Eye as a defendant to this claim by arguing that, should he prevail on the merits of his HUFTA claim against Zhang, he "is entitled to avoidance of the transfers and to recovery the Property or its value from King Eye." FAC ¶ 39.

Wu has no cognizable independent basis to assert an independent HUFTA cause of action against Zhang without an accompanying claim. Where, as here, Wu's claims against Zhang arise from the same transaction or occurrence (namely, allegations of a purported property interest and attempt to recovery of purported financial obligations) which were already resolved in state court, Wu cannot maintain a HUFTA claim.

Inasmuch as Wu's HRS § 651C-4 claim fails, so too does his claimed remedy under HRS § 651C-8(a) to void King Eye's purchase of the Property. Under HRS § 651C-8(a), King Eye's purchase is "not voidable under section 651C-4(a)(1) against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or oblige." Here, King Eye

took the Property as a bona fide third-party purchaser from Koohoo Hale, who in turn obtained it from Zhang in 2024. FAC ¶ 31. Based on Wu's FAC, the Property was initially purchased in 2020 for "approximately $1,850,000" and was later sold by Zhang to Koohoo Hale in 2024 for "approximately $1,900,000." FAC ¶ 16. In turn, King Eye purchased the Property for $3,390,000, much more than the amount Koohoo Hale allegedly paid. FAC ¶ 32. For both transfers, this is "a reasonably equivalent value," and Wu does not plausibly plead with particularity that Koohoo Hale or King Eye were not good faith purchasers.

**2. Counts II – V: Equitable Claims**

Hawai'i law has approved "the principle, long-invoked in the federal courts, that 'equity has always acted only when legal remedies were inadequate.'" *Porter v. Hu*, 116 Hawai'i 42, 55, 169 P.3d 994, 1007 (2007) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 509 (1959)). Thus, "[t]he absence of an adequate remedy at law, therefore, is the 'necessary prerequisite' to maintaining equitable claims." *Bolos v. Waldorf-Astoria Mgmt. LLC*, 762 F. Supp. 3d 975, 1016 (D. Haw. 2025) (quoting *Porter*). Consequently, a claim in equity "fails if a plaintiff has an adequate remedy at law based on the same facts." *Id.* at 1017.

Here, the equitable remedies Wu seeks are theoretically available under his legal remedies pursuant to HUFTA and RICO. Wu may seek to attach or avoid the conveyance of the Property, and, if he obtains a judgment, may levy execution on

the Property among the remedies afforded under HRS § 651C-7. This is exactly the relief sought by Wu under his equitable claims, and thus they are barred. Similar remedies are available under 18 U.S.C. § 1964(a), including the divestment of any interest in any enterprise and the imposition of reasonable restrictions on the future activities of RICO persons.

Further, if a "plaintiff fails to state a viable statutory legal claim, that plaintiff may not pursue the same remedy under an equitable theory." *Id.* As we explain above, Wu has failed to establish any viable statutory claim against King Eye under either RICO or HUFTA.

Lastly, Wu's allegations of his equitable claims are implausible:

**i. Count II (Constructive Trust)**

Under Hawai‘i law, "[a] constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Seo Jeong Won v. England*, 2008 WL 5225872, at *5 (D. Haw. Dec. 12, 2008) (citing *Kam Oi Lee v. Fong Wong*, 57 Haw. 137, 139, 552 P.2d 635, 638 (1976)). Wu must establish by "clear and convincing" evidence that King Eye will be unjustly enriched if allowed to retain the Property. *Maria v. Freitas*, 73 Haw. 266, 274, 832 P.2d 259, 264 (citation omitted).

Wu's constructive trust claim against King Eye cannot lie when allegations related to his purported "25% ownership interest in the Property," FAC ¶ 43, have already been resolved on final judgment in the collateral state court action.

Wu cannot credibly allege that he conferred upon King Eye any benefit that would entitle him to unjust enrichment, as he explicitly states that King Eye obtained title to the Property from Koohoo Hale LLC, and not from him. *See* FAC ¶ 32 ("the Property was transferred from Koohoo Hale to King Eye for a recited $3,390,000"). Wu also does not show why King Eye's "retention of that benefit would be unjust." *Durette v. Aloha Plastic Recycling, Inc.*, 105 Hawaiʻi 490, 504, 100 P.3d 60, 74 (2004). Accordingly, Wu's constructive trust claim must be dismissed.

**ii. Count III (Equitable Lien)***)*

An equitable lien "is a right, enforceable only in equity, to have a demand satisfied from a particular fund or specific property, without having possession of the fund of property." *In re Price*, 575 B.R. 461, 466 (Bankr. D. Haw. 2017) (citing *Equitable Lien*, Black's Law Dictionary (10th ed. 2014)). "It is based on the equitable doctrine of unjust enrichment." *U.S. v. Adamant Co.*, 197 F.2d 1, 10 (9th Cir. 1952) (citing 53 C.J.S., Liens, § 4; 33 Am.Jur., Liens, § 18.).

In the State Court Action, Wu asserted that he "has a twenty-five percent (25%) share of the Property," that he "advanced and invested additional funds for

the upkeep and maintenance of the Property," and that he has "an equitable lien against the Property based upon the [joint venture] Agreement and [his] contribution of funds and services advanced and invested in the Property." **Exhibit 1** (SAC) ¶¶ 189-91. Wu's equitable lien claim against Zhang was dismissed with prejudice pursuant to the state court's October 30, 2024 order. *See* **Exhibit 3** (FOF/COL).

Despite the state court concluding that Wu "has no legitimate claim to possession, use or title in the Property", *id.*, at 6, Wu again asserts the same cause of action now against King Eye to recover "paid-for labor, materials, and improvements [that] were incorporated into the Property and substantially enhanced its value[.]" FAC ¶ 46. As a result, Wu claims that he is entitled "to an equitable lien upon the Property, not less than $2,300,000[.]" *Id.* ¶ 47. The two claims are structurally and factually similar inasmuch as they derive from the same transaction or occurrence already resolved in state court. Wu should not be permitted a second bite at the apple and his equitable lien claim should be dismissed with prejudice.

**iii. Count IV (Unjust Enrichment)**

"[A] claim for unjust enrichment requires . . . that a plaintiff prove that he or she conferred a benefit upon the opposing party and that the retention of that benefit would be unjust." *Durette v. Aloha Plastic Recycling, Inc.*, 105 Hawai'i

490, 504, 100 P.3d 60, 74 (2004). Here, Wu fails to plausibly allege that he "conferred a benefit" upon King Eye and that "the retention of that benefit would be unjust." *Id.*

Wu's unjust enrichment claim fails because King Eye purchased the Property from Koohoo Hale, *not* Wu. *See* FAC ¶ 32 ("the Property was transferred from Koohoo Hale to King Eye for a recited $3,390,000"). Assuming *arguendo* that Wu made the asserted contributions, King Eye cannot have been unjustly enriched by purchasing the Property. Simply put, King Eye is not the proper party for Wu's unjust enrichment claim. To the extent that Wu seeks to recover the value of his contributions, such a claim cannot lie against the party that bargained for and *paid* $3,390,000 for the Property. FAC ¶ 32.

Notwithstanding that, Wu's unjust enrichment claim is duplicative of his claim made in state court. There, Wu claimed that Zhang was unjustly enriched by Wu's purported "payment of a portion of the purchase priced needed to secure ownership of the Property, the payment and performance of the renovation and repairs to the Property (approximating $1.6m), the payment of rent to Ms. Zhang, and the contribution of funds for the payment of the property taxes for the Property." **Exhibit 1** (SAC) ¶ 130. Here, Wu makes the same argument now against King Eye: that he conferred a benefit upon "Defendants and their predecessors-in-interest by paying for approximately $2,300,000 in labor,

materials, and improvements, performed by a licensed Hawai‘i contractor, that were incorporated into and enhanced the value of the Property." FAC ¶ 49. Wu already had an opportunity to litigate the merits of his unjust enrichment claim against Zhang. It does not logically follow that King Eye could have been unjustly enriched when it *purchased* the Property for much more than Wu's claimed interest. Wu's unjust enrichment claim should be dismissed.

#### iv. Count V (Quantum Meruit)

Wu's quantum meruit claim is similarly duplicative of his unjust enrichment claim first asserted in state court. There, Wu sought "payment in the amount by which Ms. Zhang has been unjustly enriched in her retention of the benefits of the Mr. Wu's efforts, services and investments of time and money" into the Property. **Exhibit 1** (SAC) ¶ 136. Although Wu's quantum meruit claim was dismissed in state court, here Wu asserts the same claim against King Eye to recover his "paid for and furnished valuable improvements to the Property with the reasonable expectation of compensation and/or a corresponding interest in the Property." FAC ¶ 52. This claim should be dismissed.

### 3. Declaratory and Injunctive Relief (Count VI)

Wu's request for declaratory relief "concerning the parties' respective rights and interest in the Property, the validity of the transfers, and Plaintiff's entitlement to a constructive trust and equitable lien," FAC ¶ 54, is moot and cannot stand

because the state court already concluded that Wu "has no legitimate claim to possession, use or title in the Property at issue here based on the absence of any properly registered written instrument on the TCT in Land Court." **Exhibit 3** (FOF/COL) at 6. Consequently, because Wu does not have standing to object to any transfers of the Property, he similarly cannot be redressed through injunctive relief "restraining Defendants from further transferring, encumbering, or disposing of the Property pending resolution of this action, to preserve the status quo and prevent further dissipation of the asset." FAC ¶ 54.

### D. The Court Should Not Grant Leave to Amend

Wu has already had an opportunity to amend his complaint. Despite doing so, he continues to fail to plausibly allege any viable claims against King Eye. "[F]actual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Eclectic Properties*, 751 F.3d at 996. It is now apparent that Wu cannot provide any additional facts that would validate any claim against King Eye. The Court must spare King Eye and any other bona fide third-party purchaser from being hailed into federal court based solely on inherently flawed RICO allegations.

## V. CONCLUSION

King Eye respectfully requests that the Court dismiss Wu's First Amended Complaint with prejudice.

DATED: Honolulu, Hawai‘i, September 1, 2026.

*/s/ Rex Y. Fujichaku*
REX Y. FUJICHAKU
DANIEL J. COMER

Attorneys for Defendant
KING EYE LLC