# EXHIBIT 3

CARLSMITH BALL LLP

JOHN P. MANAUT 3989
KAI WANG 7319
1001 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone No. (808) 523-2573
Email: jpm@carlsmith.com
Email: kwang@carlsmith.com

Attorneys for Defendant
DAN DAN ZHANG AKA DANDAN ZHANG

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-22-0000964**
**30-OCT-2024**
**04:21 PM**
**Dkt. 547 FOF**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| DI WU<br><br>Plaintiff/Counterclaim-Defendant<br><br>vs.<br><br>DAN DAN ZHANG AKA DANDAN ZHANG; JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL AGENCIES 1-10; DOE ENTITIES 1-10; AND ALL PERSONS UNKNOWN CLAIMING ANY RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN SAID REAL PROPERTY DESCRIBED IN THIS COMPLAINT,<br><br>Defendants/Counterclaimant | CIVIL NO. 1CCV-22-0000964 (DEO)<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING DEFENDANT DAN DAN ZHANG AKA DANDAN ZHANG'S MOTION FOR SUMMARY JUDGMENT, FILED AUGUST 30, 2024 [DKT. 507]<br><br>HEARING:<br>DATE: September 23, 2024<br>TIME: 8:30 A.M.<br><br>Judge: Honorable Dean E. Ochiai<br>Trial Date: October 21, 2024 |

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING DEFENDANT DAN DAN ZHANG AKA DANDAN ZHANG'S MOTION FOR SUMMARY JUDGMENT, FILED AUGUST 30, 2024 [DKT. 507]

Defendant/Counterclaimant Dan Dan Zhang aka Dandan Zhang's ("Defendant" or "Zhang") Motion for Summary Judgment, filed August 30, 2024 [Dkt. 507] (the "Motion") came on for hearing before the Honorable Dean E. Ochiai, Judge of the above-entitled Court, on September 23, 2024 at 8:30 a.m. John P. Manaut, Esq. appeared for Defendant in person. *Pro*


I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawai`i.
Dated at: Honolulu, Hawai`i 30-OCT-2024, /s/ Lori Ann Okita, Clerk of the First Judicial Circuit, State of Hawai`i

*Se* Plaintiff Di Wu ("Plaintiff") appeared via Zoom. The Court, having reviewed Defendant's Motion, the pleadings and record on file, and having heard argument from counsel and *Pro Se* Plaintiff, and after carefully considering the matters presented during the hearing pursuant to Haw. R. Civ. P 56, FINDS, CONCLUDES, AND ORDERS, as follows:

FINDINGS OF FACT

1. On August 12, 2022, Plaintiff filed a Complaint for Quiet Title and Other Relief [Dkt. 1]. On August 16, 2022, Plaintiff filed a First Amended Complaint for Quiet Title and Other Relief [Dkt. 14].

2. On September 15, 2022, Zhang filed Defendant's Rule 12(b)(6) Motion to Partially Dismiss Complaint with Prejudice ("Motion to Dismiss") [Dkt. 24].

3. On November 3, 2022, this Court entered its Findings of Fact, Conclusions of Law, and Order Granting Defendant's Motion to Partially Dismiss Complaint with Prejudice [Dkt. 43] (the "Order"). In the Order, this Court found: "Defendant Dandan Zhang took title to the real property located at 1039 Koohoo Place in Kailua, Hawaiʻi (the 'Property') as the sole owner, pursuant to that certain Warranty Deed dated May 22, 2019, as filed in the Office of the Assistant Registrar of Land Court on July 3, 2019, and evidenced by the issuance of Transfer Certificate of Title ('TCT') No. 1,178,606." [Dkt. 43, at 2]. This Court also found: "Since there is no dispute that the Property that is the subject matter of this action is Land Court property, Plaintiff's claims in his Complaint asserting rights to title cannot be maintained." [Dkt. 43, at 4].

4. Under the Order, Count I (Quiet Title), Count II (Partition), Count IV (Constructive Trust), and Count VIII (Accounting) of the First Amended Complaint were dismissed with prejudice, leaving four claims: Count III (Breach of Contract), Count V (Equitable Lien), Count VII (Unjust Enrichment), and Count IX (Punitive Damages). *Id.*

5. The Order was subsequently affirmed by this Court in expunging several *lis pendens* filed by Plaintiff against Defendant's Property in the Findings of Fact, Conclusions Of Law And Order Granting Defendant Dan Dan Zhang Aka DanDan Zhang's Motion for Order To Expunge Amended Notice of Pendency Of Action and Second Amended Notice of Pendency Of Action, filed March 12, 2024 [Dkt 359], on May 20, 2024 [Dkt. 435].

6. On June 13, 2023, Plaintiff filed a Motion for Leave to File Second Amended Complaint [Dkt. 210], and on July 18, 2023, this Court entered its Order Granting Plaintiff ’s Motion for Leave to File Second Amended Complaint [Dkt. 234].

7. On July 21, 2023, Plaintiff filed a Second Amended Complaint [Dkt. 236] ("SAC"), which added new claims for a total of 14 Counts, as well as attaching Exhibits A and B, which, respectively, purported to be a joint investment agreement ("JIA") and a Residential Lease Agreement ("Lease").

8. On April 12, 2024, Defendant filed a First Amended Counterclaim [Dkt. 394].

9. On July 15, 2024, Defendant served her First Request for Admissions to Plaintiff Di Wu ("Admissions"), as evidenced by the Certificate of Service filed with JEFS on July 14, 2024 [Dkt. 497], that attached the Admissions as Exhibit 1 thereto.

10. Under Haw. R. Civ. P. 36, Plaintiff had 30 days, or until August 14, 2024, to submit written responses to the Admissions.

11. No written responses to the Admissions were served by Plaintiff within the 30 day period to respond deadline of August 14, 2024.

12. As a result of the failure to timely answer the Admissions, under Haw. R. Civ. P. 36, all Admissions were deemed admitted as of August 14, 2024, and were self-executing as admissible facts of the case and as admissions against interest by Plaintiff. *W. H. Shipman v.*

*Hawaiian Holiday Macadamia Nut Co.*, 8 Haw. App. 354, 802 P.2d 1203 (1990).

13. Plaintiff did not move to extend the time to answer the requests for Admissions by the response deadline of August 14, 2024, and failed to move to strike or withdraw the Admissions after they were deemed admitted by operation of law as self-executing admissions, in accordance with Haw. R. Civ. P. 36.

14. On August 21, 2024, Plaintiff submitted to JEFS a filing at 6:53 p.m. entitled Objection to Request for Admissions [Dkt. 505] ("Objection"). The Objection was filed 7 days after the response deadline for the Admissions and was not signed, but contained a typed name for Plaintiff Di Wu.

15. Pursuant to the 2nd Scheduling Order - Non-Jury Trial, entered February 14, 2024 [Dkt. 335] ("Scheduling Order"), the discovery cutoff in this case was August 22, 2024.

16. On August 30, 2024, Defendant filed the Motion within the deadline to file such motions, as set forth in paragraph 8 of the Scheduling Order [Dkt. 335] for the filing of dispositive motions by September 2, 2024.

17. Pursuant to the Scheduling Order, a Final Pretrial Conference was held on September 18, 2024, at 9:00 a.m. at which Plaintiff did not appear. Plaintiff also failed to file a required pretrial statement by September 11, 2024. Defendant's counsel appeared on that date by Zoom and filed a pretrial statement on September 11, 2024 [Dkt. 509].

18. The hearing on Defendant's Motion was set for Monday, September 23, 2024, at 8:30 a.m. [Dkt. 507], which under Haw. R. Civ. P. 8 required any opposition to be filed 8 days before the hearing. No opposition or response was filed in JEFS by Plaintiff 8 days before the noticed hearing date for the Motion.

19. On Thursday, September 19, 2024, or 4 days before the hearing on the Motion, at

10:17 p.m., Plaintiff submitted a late letter opposition to the Motion [Dkt. 514] ("Opposition"). No leave of Court was requested by Plaintiff to submit the Opposition after the due date for opposing the Motion under Haw. R. Civ. P. 8.

20. On Friday, September 20, 2024, Defendant filed a Reply and Opposition to Plaintiff's Opposition to Motion for Summary Judgment and Motion to Continue Discovery and Trial, filed September 19, 2024 [Dkt. 514] [Dkt. 516] ("Reply").

21. Based on a review of the above circumstances, Plaintiff's Opposition to the Motion was not timely filed so it is stricken and the relief requested therein denied. As a result, Defendant's Reply need not be considered and is also stricken.

22. At the hearing on September 23, 2024, the Court entertained argument by both sides on the Motion and made its oral ruling granting summary judgment for Defendant on all counts in Plaintiff's SAC and reserving for trial only Defendant's affirmative claims in the First Amended Counterclaim [Dkt. 394] by denying summary judgment as to those 4 counts under the Motion [*See* Minute Order entered September 23, 2024, Dkt. 520].

## CONCLUSIONS OF LAW

The Findings of Fact, to the extent they constitute Conclusions of Law, are incorporated below by reference. The Conclusions of Law, to the extent they constitute Findings of Fact, are incorporated into the Findings of Fact. The Court makes the following Conclusions of Law:

1. There is no dispute that the Property at issue here is Land Court property and this Court has jurisdiction over this action.

2. The Admissions were not timely responded to within 30 days of service so they are deemed admitted by operation of law under Haw. R. Civ. P 36. *W. H. Shipman v. Hawaiian Holiday Macadamia Nut Co.*, 8 Haw. App. 354, 802 P.2d 1203 (1990).

3. Plaintiff's response filed one week late [Dkt. 505] was untimely and was made without a motion or leave of court to file or seeking to have the admissions withdrawn. No motion or request to extend the time to oppose, answer, or to file the late objection or opposition to the Motion was made by Plaintiff so the Opposition [Dkt. 514] submitted late on September 19, 2024, under Haw. R. Civ. P. 8, is therefore stricken, as is Defendant's reply brief filed September 20, 2024 [Dkt. 516]. As a result, the Motion stands as filed.

4. All Admissions posed are fully dispositive of the factual issues raised in the Motion seeking to dismiss Plaintiff's SAC.

5. In viewing the facts in a light most favorable to the non-moving party, and finding that there are no genuine issues of material fact warranting the claims made in Plaintiff's SAC to go to trial, as a matter of law, the Motion is granted with respect to dismissal and summary judgment in favor of Defendant on all claims in Plaintiff's SAC, pursuant to Haw. R. Civ. P. 56. *Stanford Carr Dev. Corp. v. Unity House, Inc.*, 111 Hawai'i 286, 295, 141 P.3d 459, 468 (2006); *State v. Midkiff*, 49 Haw. 456, 459, 421 P.2d 550, 554 (1966); *see also Ralston v. Yim*, 129 Hawaiʻi 46, 57, 292 P.3d 1276, 1287 (2013).

6. This Court previously ruled on November 3, 2022 and on May 20, 2024, that Plaintiff has no legitimate claim to possession, use or title in the Property at issue here based on the absence of any properly registered written instrument on the TCT in Land Court filed within one year after the entry of the decree of registration, pursuant to Haw. Rev. Stat. §501-71, and without any applicable exceptions identified under Haw. Rev. Stat. §501-82. Under Haw. Rev. Stat. §501-82(a), "[e]very applicant receiving a certificate of title…[holds] the same free from all encumbrances except those noted on the certificate…." [Dkt. 43 and Dkt. 435]

7. The Admissions are deemed admitted by not being timely denied under Haw. R.

Civ. P. 36. *Stender v. Vincent*, 92 Haw. 355, 362, 992 P.2d 50, 57 (2000); *Richardson v. Sport Shinko (Waikiki Corp.*), 76 Hawai'i 494, 507-08, 880 P.2d 169, 182-83 (1994).

8. The two written instruments as Exhibits A and B to the SAC, the Lease and JIA, are deemed by operation of law under the Admissions to be forgeries. Furthermore, they cannot be relied upon by Plaintiff because they were not registered on or against the TCT for the Property, as required by Haw. Rev. Stat. §501-101, §501-121 and §501-151. [Dkt. 435].

9. No expert was designated by Plaintiff by the affirmative disclosure and discovery deadlines that could counter Defendant's timely submitted experts' opinions which demonstrate that the signatures at issue here, presented as Exhibits A and B to the SAC, are nearly identical and were lifted from a prior docusign document from Zhang contrary to the well-established principle that two signatures are rarely ever identical, and are therefore deemed to be forgeries.

10. No evidence was timely presented by Plaintiff to counter the handwriting and imaging analysis experts at Cetra Technology and Reed Hayes, by the Scheduling Order affirmative disclosure deadline of June 24, 2024, or the opposing expert disclosure deadline of July 23, 2024 [Dkt. 335]. As a result, no credible evidence was submitted to create any genuine issue that the signatures on the Lease and JIA are not forgeries.

11. Based on the deemed Admissions concerning spoliation of evidence, Plaintiff is deemed to have deleted electronic data concerning electronic information related to the facts asserted in the SAC.

12. The Court has inherent powers to fashion appropriate sanctions for a party's loss or destruction of evidence. *Stender v. Vincent*, 92 Haw. 355, 362, 992 P.2d 50, 57 (2000); *Richardson v. Sport Shinko*, 76 Hawai'i 494, 507-08, 880 P.2d 169, 182-83 (1994).

13. The Court adopts the Defendant's memorandum of law, Declaration of Dandan

Zhang, Declaration of Counsel, and Exhibits 1-13 as the applicable facts and law for determination of the Motion, pursuant to Haw. R. Civ. P. 56, with respect to the dismissal and grant of summary judgment on all claims in Plaintiff's SAC.

14. As for Defendant's affirmative claims in the First Amended Counterclaim [Dkt. 394], the Court cannot conclude that no genuine issues of material fact remain concerning the alleged oral agreement and claims alleged under Counts 1 through 4, so summary judgment is denied at this time on those specific claims pursuant to Haw. R. Civ. P. 56.

ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant’s Motion is GRANTED, as follows:

1. Plaintiff's 14 counts in the SAC are dismissed with prejudice.

2. Defendant's Motion seeking summary judgment on the affirmative claims for relief in the First Amended Counterclaim is denied.

DATED: Honolulu, Hawai‘i, October 30, 2024.

/s/ Dean E. Ochiai

JUDICIARY STATE OF HAWAII

JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:

DI WU
*Pro Se* Plaintiff