DI WU
2995 Woodside Rd., #199
Woodside, California 94062
Telephone: 628-283-3260
Email: Difinity812@gmail.com
Plaintiff, Pro Se

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAI‘I**

| | |
|---|---|
| **DI WU,**<br>Plaintiff,<br><br>vs.<br><br>**KING EYE LLC; KOOHOO HALE LLC; DANDAN ZHANG; TIANLI MO,** aka “TIM MO”; **SHI CHEN** (erroneously sued and served as “SHI SHEN”); and **DOES 1–10,**<br><br>Defendants. | CIVIL NO. 1:26-cv-00350-DKW-WRP<br><br>**PLAINTIFF’S MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT KING EYE LLC’S MOTION TO DISMISS (ECF NO. 22) OUT OF TIME; MEMORANDUM IN SUPPORT; DECLARATION OF DI WU; CERTIFICATE OF SERVICE**<br><br>Hearing on ECF No. 22: November 13, 2026, 10:00 a.m., Aha Kupono<br>Chief Judge Derrick K. Watson |

## MOTION

Plaintiff Di Wu, appearing pro se, respectfully moves this Court pursuant to **Federal Rule of Civil Procedure 6(b)(1)(B)** for leave to file his Memorandum in Opposition to Defendant King Eye LLC’s Motion to Dismiss the First Amended Complaint (ECF No. 22) out of time. The completed Opposition is lodged herewith and is ready for the Court’s consideration at the November 13, 2026 hearing.

Plaintiff’s failure to file by the Local Rule 7.2 deadline was the result of **excusable neglect** — his own good-faith misreading of the docket as a self-represented litigant. Two scheduling orders issued one day apart (ECF Nos. 23 and 25), the second continuing a proceeding in this very case

into **January 2027**, and Plaintiff mistakenly understood the matter to have been reset into 2027. The error was Plaintiff's own; he does not attribute it to the Court or to anyone else. He moved to cure the moment he recognized it, and tenders a complete, merits-ready Opposition rather than asking for open-ended time. The governing equitable standard, applied with the Ninth Circuit's strong preference for deciding cases on their merits, favors granting leave decisively.

In the alternative, and to eliminate any conceivable prejudice, Plaintiff requests that the Court **continue the November 13, 2026 hearing** a reasonable period and reset the briefing schedule.

This Motion is based on the accompanying Memorandum, the Declaration of Di Wu, the lodged Opposition, the records and files herein, and such argument as the Court may permit.

## MEMORANDUM IN SUPPORT

### I. Introduction

This motion asks the Court to decide a federal RICO and fraudulent-transfer case on its merits rather than end it on a self-represented litigant's calendaring error. The choice the motion presents is stark: grant leave — which costs King Eye nothing but a reply it was always going to have to file — or dismiss a meritorious complaint with prejudice because a pro se plaintiff briefly misunderstood which 2026 and 2027 dates governed which deadline. The Ninth Circuit's teaching is clear: the strong preference is to decide cases on their merits, and a short, good-faith extension of this kind is the course the law favors. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–62 (9th Cir. 2010). The *Pioneer* factors all point one way, and the lodged Opposition shows this is no empty filing: Plaintiff has a substantial, merits-ready answer to the Motion. Leave should be granted.

### II. Background

1. King Eye LLC filed its Motion to Dismiss the First Amended Complaint on September 1, 2026 (ECF No. 22).

2. On September 2, 2026, the Court set ECF No. 22 for hearing on **November 13, 2026 at 10:00 a.m.**, with briefing "pursuant to Local Rule 7.2 based upon the hearing date" (ECF No. 23).

3. On September 3, 2026 — the very next day — the Court entered a separate order (ECF No. 25) **continuing the Telephonic Rule 16 Scheduling Conference from December 14, 2026 to January 11, 2027**.

4. Under Local Rule 7.2, an opposition to a motion set for hearing is due 21 days before the hearing — here, October 23, 2026.

5. Plaintiff, who is self-represented, did not file his opposition by October 23, 2026, because he understood the case to have been continued into 2027. Plaintiff discovered the lapse on November 2, 2026, and filed this Motion the same day, lodging his completed Opposition with it.

**III. Legal Standard**

Rule 6(b)(1)(B) permits the Court, "on motion made after the time has expired," to extend time "if the party failed to act because of excusable neglect." The controlling test is the four-factor equitable analysis of *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993): (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith. The Ninth Circuit applies *Pioneer* to Rule 6(b) and instructs that the inquiry is "at bottom an equitable one," to be resolved "so that cases may be decided on their merits." *Ahanchian*, 624 F.3d at 1258–62. "[T]he law [is] solicitous" of a merits resolution, and denying a short extension that would end the case is disfavored. *Id.* at 1259. Filings of pro se litigants are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**IV. Argument — Every *Pioneer* Factor Favors Leave**

**A. There is no cognizable prejudice to King Eye.** The hearing is November 13, 2026. Plaintiff lodges his completed Opposition now — well in advance. King Eye retains its full right to reply, exactly as it would have had Plaintiff filed on October 23; the only thing it "loses" is a dismissal it would have obtained by default rather than on the merits, which is not prejudice the law recognizes. *Ahanchian*, 624 F.3d at 1262 (having to file a reply, without more, is not prejudice; "being deprived of a victory procured by default" is not cognizable prejudice). King Eye gains the very merits briefing the Local Rules contemplate.

**B. The delay is short and disrupts nothing.** The delay is measured in days, not months. Granting leave now does not disturb the November 13 setting; the alternative brief continuance would absorb any impact entirely. No scheduling order has issued, discovery has not begun, and the Rule 16 conference is not until January 11, 2027. There is no proceeding to disrupt.

**C. The reason for the delay was Plaintiff's own good-faith misreading of the docket — honest, not strategic.** This is not a litigant who ignored a known deadline. Plaintiff was actively tracking the docket without counsel, and the mistake was his own. Two orders issued one day apart: ECF No. 23 (Sept. 2) set a November hearing on the motion, and ECF No. 25 (Sept. 3) continued a scheduling conference in the **same case** to **January 11, 2027**. Reading those entries without legal training, Plaintiff understood the matter to have been reset into 2027 and did not appreciate that the Local Rule 7.2 opposition deadline ran independently of the continued conference. Plaintiff takes responsibility for that misreading and does not fault the Court for it. He notes only — for context, not as an excuse — that King Eye's counsel withdrew and new counsel substituted during the same window (ECF Nos. 28–29, Oct. 9, 2026). The Ninth Circuit has squarely held that this kind of honest, good-faith miscalculation — as opposed to disregard — is excusable neglect. *Ahanchian*, 624 F.3d at 1261–62 (reasonable misunderstanding of overlapping deadlines was excusable neglect). What the law asks is whether the neglect was honest rather than strategic. It plainly was: Plaintiff gained no tactical advantage, discovered the error on November 2, 2026, and moved the very same day, tendering a complete Opposition with

this Motion.

**D. Plaintiff acted in complete good faith.** Plaintiff discovered the lapse on November 2, 2026, and moved to cure it that same day — filing this Motion and lodging a finished Opposition rather than seeking indefinite additional time. There is no gamesmanship, no pattern of delay, and nothing to gain from a few days' extension before a hearing that is still weeks away. Good faith is manifest.

**E. The lodged Opposition is meritorious — this is not an empty request.** The *Ahanchian* inquiry also looks to whether the party has a genuine position to present, and here the lodged Opposition demonstrates that Plaintiff's response to the Motion is substantial. In brief: King Eye's lead jurisdictional theory is foreclosed by *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005), because Plaintiff asserts an independent injury from the defendants' own 2024 and 2026 conveyances, not from any state judgment, and because preclusion "is not a jurisdictional matter." King Eye's preclusion theory fails on its own documents, because the state judgment rests on sanction-based deemed admissions — never "actually litigated or determined," *Bremer v. Weeks*, 104 Hawai'i 43, 54 (2004) — and is not final while on timely appeal (CAAP-26-0000401). And the FAC states RICO and HRS chapter 651C claims under the governing Rule 12 standard. Whatever the Court ultimately decides, this is a case that should be decided on that briefing, not forfeited to a calendaring slip.

**V. Alternative Request to Continue the Hearing**

To remove any doubt about prejudice or impact, Plaintiff alternatively requests that the Court continue the November 13, 2026 hearing a reasonable period and reset the opposition and reply dates, restoring a full and orderly briefing cycle before the Court rules on a motion that seeks dismissal of the entire action with prejudice.

**VI. Conclusion**

Courts exist to resolve disputes on their merits, not to end them on a self-represented litigant's honest misreading of the docket. For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the lodged Opposition to ECF No. 22 out of time and deem it timely filed, or in the alternative continue the hearing and reset the briefing schedule.

DATED: November 2, 2026.

/s/ Di Wu
DI WU
Plaintiff, Pro Se
Difinity812@gmail.com
Tel: 628-283-3260

**DECLARATION OF DI WU**

I, DI WU, declare as follows:

1. I am the Plaintiff in this action, appear pro se, and have personal knowledge of the facts stated here.

2. I am not an attorney and have tracked this docket without the assistance of counsel.

3. When the Court continued the scheduling conference to January 11, 2027 (ECF No. 25), I mistakenly understood that the matter generally had been continued into 2027, and did not realize that my deadline to oppose King Eye LLC's Motion to Dismiss (ECF No. 22) ran separately under Local Rule 7.2 and fell on October 23, 2026.

4. My failure to oppose by that date was an honest mistake, not an attempt to delay the case or to gain any advantage. I gained none.

5. As soon as I realized the deadline had passed, I prepared my Opposition and lodge it with this Motion, respectfully asking the Court to accept it so that this case may be decided on its merits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: November 2, 2026.

/s/ Di Wu
DI WU
Declarant / Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I electronically filed the foregoing Motion for Leave to File Opposition Out of Time, Memorandum in Support, Declaration of Di Wu, and the lodged Memorandum in Opposition to ECF No. 22 with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record registered to receive electronic service, including:

Charles A. Price
KOSHIBA & PRICE
[address / email per CM/ECF registration]
Attorney for Defendant King Eye LLC

I further certify that any party not registered for CM/ECF service was served by [mail/email] at the last known address indicated on the docket.

DATED: November 2, 2026.

/s/ Di Wu
DI WU
Plaintiff, Pro Se
Difinity812@gmail.com
Tel: 628-283-3260