KOSHIBA & PRICE, AAL, ALC

CHARLES A. PRICE 5098-0
707 Richards Street, Suite 610
Honolulu, Hawaii 96813
Telephone No.: (808) 523-3900
Facsimile No.: (808) 526-9829
cprice@koshibalaw.com

Attorney for Defendant
KING EYE LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DI WU,<br><br>Plaintiff,<br><br>vs.<br><br>KING EYE LLC, a Delaware limited liability company; KOOHOOHALE LLC, a Delaware limited liability company registered in Hawai'i; DANDAN ZHANG, an individual; TIM MO, an individual; SHI CHEN, an individual; and DOES 1-10,<br><br>Defendants. | Civil No.: 1:26-cv-00350-DKW-WRP<br><br>DEFENDANT KING EYE LLC'S **REPLY MEMORANDUM** IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, FILED AUGUST 18, 2026, FILED SEPTEMBER 1, 2026 [DKT. 22]; CERTIFICATE OF SERVICE<br><br>Hearing:<br>Date: November 13, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Derrick K. Watson |

**DEFENDANT KING EYE LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, FILED AUGUST 18, 2026, FILED SEPTEMBER 1, 2026 [DKT. 22]**

TABLE OF CONTENTS

Page

I. Argument .....2

A. The Pending State Court Appeal Does Not Rescue Wu's Federal Court Claims Collaterally Attacking the State Court Judgment. .....2

1. King Eye's Motion argued collateral attack. .....2

2. Under T.M., the pending appeal is irrelevant. .....2

3. The FAC, and the Opposition, seek relief from the judgment. .....3

4. The Court need not resolve preclusion. .....4

B. The RICO Counts Fail Independently. .....5

1. No facts show King Eye operated or managed the alleged enterprise. .....5

2. No pattern or continuity. .....6

3. Rule 9(b) is not satisfied. .....6

4. The "off-market" inference and the others' defaults do not fill the gap. .....7

5. Injury and causation are not pleaded. .....8

6. The § 1962(d) count falls with the substantive count. .....9

C. The State Law Claims Fail or Should Be Dismissed Without Reaching the Merits. .....9

1. Hawaiʻi Uniform Fraudulent Transfer Act (Count I). .....9

2. Constructive trust, equitable lien, unjust enrichment, and quantum meruit (Counts II–V). .....10

3. Supplemental jurisdiction. .....11

D. Leave to Amend and a Stay Are Not Warranted. .....11

1. Amendment would be futile .....11

2. A stay is not an alternative to dismissal. .....12

II. Conclusion .....12

# TABLE OF AUTHORITIES

Page

**Cases**

*Baumer v. Pachl*,
8 F.3d 1341 (9th Cir. 1993) ....................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................7

*Canyon County v. Syngenta Seeds, Inc.*,
519 F.3d 969 (9th Cir. 2008) ....................8

*Carnegie-Mellon Univ. v. Cohill*,
484 U.S. 343 (1988)....................11

*Durette v. Aloha Plastic Recycling, Inc.*,
105 Hawai‘i 490, 100 P.3d 60 (2004)....................10

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
751 F.3d 990 (9th Cir. 2014) ....................7, 8

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*,
544 U.S. 280 (2005)....................3

*Foman v. Davis*,
371 U.S. 178 (1962)....................11

*H.J. Inc. v. Nw. Bell Tel. Co.*,
492 U.S. 229 (1989)....................6

*Holmes v. Sec. Inv'r Prot. Corp.*,
503 U.S. 258 (1992)....................8

*Howard v. Am. Online Inc.*,
208 F.3d 741 (9th Cir. 2000) ....................6, 9

*In re Century Aluminum Co. Sec. Litig.*,
729 F.3d 1104 (9th Cir. 2013) ....................7, 8

*In re Mitsuo Yoneji Revocable Tr.*,
147 Hawai‘i 104, 464 P.3d 892 (App. 2020)....................4

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ....................4

*Kougasian v. TMSL, Inc.*,
359 F.3d 1136 (9th Cir. 2004) .......... 3

*Littleton v. State*,
6 Haw. App. 70, 708 P.2d 829 (1985) .......... 4

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) (en banc) .......... 11

*Neubronner v. Milken*,
6 F.3d 666 (9th Cir. 1993) .......... 6

*Noel v. Hall*,
341 F.3d 1148 (9th Cir. 2003) .......... 3

*Oscar v. Univ. Students Co-op. Ass'n*,
965 F.2d 783 (9th Cir. 1992) (en banc) .......... 8

*Reves v. Ernst & Young*,
507 U.S. 170 (1993) .......... 5

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
442 F.3d 741 (9th Cir. 2006) .......... 4

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) .......... 10

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) .......... 7

*T.M. v. Univ. of Md. Med. Sys. Corp.*,
146 S. Ct. 1739 (2026) .......... 2, 3, 5

**Statutes**

18 U.S.C. § 1956 .......... 11

18 U.S.C. § 1957 .......... 11

18 U.S.C. § 1962(c) .......... 5

18 U.S.C. § 1962(d) .......... 5, 9

28 U.S.C. § 1367(c)(3) .......... 11, 12

28 U.S.C. § 1738 .......... 4

HRS § 651C-1 .......... 9

HRS § 651C-7(a)(3)(C) ....................10

HRS § 651C-8(a), (b)(2) ....................9

**Rules**

Fed. R. Civ. P. 8(d) ....................5, 10

Fed. R. Civ. P. 9(b) ....................6, 7

# I. ARGUMENT

## A. The Pending State Court Appeal Does Not Rescue Wu's Federal Court Claims Collaterally Attacking the State Court Judgment.

### 1. King Eye's Motion argued collateral attack.

King Eye's Motion's lead argument is that Wu's FAC is an improper collateral attack on a state court judgment, not the *Rooker-Feldman* doctrine. Regardless, even if the Court analyzes the jurisdictional question under *Rooker-Feldman* the result is the same – the federal court should decline to be a de facto appellate forum for collaterally attacking the state court judgment.

### 2. Under T.M., the pending appeal is irrelevant.

The Supreme Court recently held that Rooker-Feldman applies to a state court judgment entered before the federal suit, whether it is a trial court's final judgment or a state high court's. *T.M. v. Univ. of Md. Med. Sys. Corp.*, 146 S. Ct. 1739, 1748 (2026). The doctrine reaches a plaintiff who is "complaining of injuries caused by, and is seeking relief from, the state-court judgment itself." *Id.* at 1747. T.M. itself involved a state appeal that had been stayed and was still pending, *id.* at 1744, and the Court rejected the argument that a judgment on appeal is outside the doctrine, *id.* at 1751–52. Wu's repeated emphasis that the state court judgment is "on appeal" therefore has no bearing on whether this Court has jurisdiction. Wu

was a party in the state case, and he does not challenge a statute or rule. He challenges the state court decision. *See id.* at 1747 n.4.

**3. The FAC, and the Opposition, seek relief from the judgment.**

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.* preserves jurisdiction over an "independent claim," even one that denies a legal conclusion a state court reached. 544 U.S. 280, 293 (2005). In this Circuit the line is drawn by asking whether the plaintiff complains of a "legal wrong allegedly committed by the state court" and seeks relief from its judgment, as opposed to a wrong by an adverse party. *Noel v. Hall*, 341 F.3d 1148, 1163–64 (9th Cir. 2003); *see Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139–40 (9th Cir. 2004) (applying *Noel*'s test).

Wu’s Opposition says his injury is the conveyances, not the judgment. Opp. at 4. The FAC says otherwise. It defines the injury as the defeat and impairment of the "asserted 25% interest." FAC ¶ 62. It pleads creditor status only as a "disputed and contingent" one. FAC ¶ 36A. And it characterizes the state judgment itself as a procedural default. FAC ¶¶ 36–36B. The Opposition then devotes pages to arguing that the state judgment "decided nothing on the merits" and was a "never-litigated default." Opp. at 2, 7. That is an argument that the state court got it wrong, which is the complaint *Noel* identifies as a forbidden de facto appeal.

The argument is also wrong on the record. The state court's findings show that (a) a November 3, 2022 order had already dismissed four title-based

counts, including quiet title and constructive trust, with prejudice, ECF 22-4 ¶¶ 3–4; (b) Plaintiff appeared and was heard, *id.* at 1–2 & ¶ 22; (c) the court relied on unrebutted handwriting and imaging expert evidence, and Plaintiff designated no expert, *id.* ¶¶ 9–10; and (d) the court concluded that Plaintiff has no claim to title, *id.* ¶ 6. Part of the ruling rested on requests for admission deemed admitted, *id.* ¶¶ 9–14, but it did not rest on them alone. King Eye merely asks the Court to note the existence and content of these rulings, not the truth of any disputed facts. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

The consequence is straightforward. To the extent Counts I through VI and the RICO injury theory depend on Wu owning, or being owed on account of, the 25% interest, they impermissibly seek relief from the state court judgment. If the Court views any narrower avoidance remedy as outside the doctrine, that remedy still fails on the grounds discussed below.

**4. The Court need not resolve preclusion.**

King Eye acknowledges that Hawai‘i courts treat a judgment as not final for *res judicata* purposes while a timely appeal is pending. *In re Mitsuo Yoneji Revocable Tr.*, 147 Hawai‘i 104, 464 P.3d 892, 899–900 (App. 2020); *Littleton v. State*, 6 Haw. App. 70, 75, 708 P.2d 829, 833 (1985). That rule governs what preclusive effect a federal court gives under 28 U.S.C. § 1738. It does not govern

the jurisdictional question under *T.M.*, and none of the pleading defects discussed below depends on it.

### B. The RICO Counts Fail Independently.

The Opposition defends the FAC "as filed." Opp. at 9. The Court should test the RICO counts against that pleading, not against the proposed Second Amended Complaint.

#### 1. No facts show King Eye operated or managed the alleged enterprise.

Section 1962(c) requires participation in the operation or management of the enterprise itself. *Reves v. Ernst & Young*, 507 U.S. 170, 179, 185 (1993). The Opposition argues that King Eye "was created to perform the enterprise's final, essential act of concealment" and acted "at the direction of" the controlling persons. Opp. at 8; FAC ¶ 33. But the only act the FAC attributes to King Eye is taking title by a recorded deed for a recited price. FAC ¶ 32. Taking title is not operating or managing anything, and being told what to do is not a fact; it is a conclusion. The FAC itself pleads, in the alternative, that passive title-holders are liable under § 1962(d) rather than (c). FAC ¶ 58. Rule 8(d) permits alternative pleading, but each alternative still needs facts, and the Opposition identifies none showing direction or management by King Eye.

**2. No pattern or continuity.**

A pattern requires relatedness and continuity, either a series of related predicates over a substantial period or a threat of long-term racketeering. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239, 241–42 (1989); *Howard v. Am. Online Inc.*, 208 F.3d 741, 750 (9th Cir. 2000). Predicate acts "extending over a few weeks or months" with no threat of future criminal conduct do not suffice. *H.J. Inc.*, 492 U.S. at 242.

The Opposition claims closed-ended continuity "across a multi-year scheme (2020–2026)" and open-ended continuity because the concealment is ongoing. Opp. at 8. The FAC pleads otherwise. It says the 2020 and 2022 events are "not wire-fraud predicates," FAC ¶ 60, and that the 2022 takeover is pattern evidence only, FAC ¶ 29. The predicate acts it does plead are two episodes, one in June 2024 and one in February–March 2026, FAC ¶ 59, each tied to one conveyance of one property, with one alleged victim and one objective. That objective has been achieved: King Eye has title. Continuing to hold title is not a new predicate act, and the FAC pleads no facts suggesting the same conduct will recur against anyone.

**3. Rule 9(b) is not satisfied.**

The Opposition invokes the relaxed standard for matters "peculiarly within" the defendants' knowledge. Opp. at 9. But that relaxation applies only if the pleading states the factual basis for the belief. *Neubronner v. Milken*, 6 F.3d 666,

672 (9th Cir. 1993). The only stated basis is that acquiring an off-market property "would likely have required a private introduction." FAC ¶ 33. That is speculation, not a factual basis. The FAC identifies no statement by King Eye that was false. It pleads that the lis pendens and both deeds were recorded, FAC ¶¶ 30–32, so nothing was concealed from Wu, who recorded the lis pendens himself. And it attributes the wire episodes collectively to "the Enterprise" rather than specifying King Eye's role. FAC ¶ 59; *see Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) (Rule 9(b) requires each defendant's role to be specified).

**4. The "off-market" inference and the others' defaults do not fill the gap.**

A claim is not plausible where there is an "obvious alternative explanation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007). When a plaintiff's allegations are as consistent with an innocent explanation as with his own theory, "something more" is needed, such as facts tending to exclude the innocent one. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996–97 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013)). The obvious alternative here is that King Eye bought a house in a private sale. The only fact the FAC offers against that is that acquiring an off-market property "would likely have required a private introduction." FAC ¶ 33. Many private sales begin with an introduction, and nothing about one suggests fraud.

The Opposition adds that three co-defendants (Tim Mo, Koohoo Hale LLC, and Shi Chen) were served, have not appeared, and have been defaulted. These post-FAC defaults do not help Wu because the defaults adjudicate nothing as to King Eye. Wu does not contend a default binds King Eye. Opp. at 9. Whether three other parties chose to defend says nothing about what King Eye knew or intended when it bought the Property. The other defendants' non-appearance is at best "merely consistent with" Wu's theory but no more. *Eclectic*, 751 F.3d at 996 (quoting *Century Aluminum*, 729 F.3d at 1108).

**5. Injury and causation are not pleaded.**

A civil RICO plaintiff must plead a concrete financial loss to business or property, *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008) (citing *Oscar v. Univ. Students Co-op. Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992) (en banc)), proximately caused by the alleged violation, *id.* at 981 (quoting *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992)). The Opposition says the conveyances impaired a "recoverable" 25% interest. Opp. at 9–10. But by the time of King Eye's March 2026 recorded deed, the state court had dismissed the title-based counts (November 2022), expunged the lis pendens (May 2024), and ruled that Plaintiff has no claim to title (October 2024). ECF 22-4 ¶¶ 3–4, 6; ECF 22-5. A deed cannot have caused the loss of an interest the state court had already rejected.

Whatever loss Wu claims traces to those state court rulings, which returns the analysis in Section II.A above.

**6. The § 1962(d) count falls with the substantive count.**

The Opposition offers no separate defense of the conspiracy count. A conspiracy claim fails if the substantive claim is not adequately pleaded. *Howard*, 208 F.3d at 751. It also requires facts showing the defendant was "aware of the essential nature and scope of the enterprise and intended to participate in it." *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993). The FAC pleads no such facts as to King Eye.

**C. The State Law Claims Fail or Should Be Dismissed Without Reaching the Merits.**

**1. Hawai‘i Uniform Fraudulent Transfer Act (Count I).**

The Opposition argues that a creditor with a disputed or contingent claim need not already own the transferred asset. Opp. at 10 (citing HRS § 651C-1). But the FAC identifies no right to payment from the transferor, Zhang, other than the asserted 25% interest the state court rejected. And King Eye is, on the FAC's own account, a subsequent transferee, FAC ¶¶ 31–32. A subsequent transferee is not liable if it took in good faith and for value. HRS § 651C-8(a), (b)(2). The FAC pleads the recited purchase price, FAC ¶ 32, and does not allege that it was less than reasonably equivalent value. It pleads King Eye's knowledge only on

information and belief and in conclusory terms. The Court need not accept those allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Opposition's suggestion that good faith is always a fact question (Opp. at 10) does not excuse the FAC from pleading facts that make bad faith plausible.

**2. Constructive trust, equitable lien, unjust enrichment, and quantum meruit (Counts II–V).**

The Opposition says these are pleaded in the alternative under Rule 8(d). Opp. at 10. Alternative pleading is permitted, but each alternative must be supported by facts. Unjust enrichment requires that the plaintiff conferred a benefit on the defendant and that the defendant's retention of it would be unjust. *Durette v. Aloha Plastic Recycling, Inc.*, 105 Hawaiʻi 490, 504, 100 P.3d 60, 74 (2004). The improvements the Opposition cites (Opp. at 10 (citing FAC ¶¶ 16–21)) are alleged to have benefited the owner of the Property at the time, not King Eye, which paid a recited $3.39 million to the seller. The Opposition says Plaintiff does not seek to hold King Eye liable "solely through title succession," but identifies no other basis. Constructive trust and equitable lien are remedies rather than independent claims, and HRS § 651C-7(a)(3)(C) already authorizes "[a]ny other relief the circumstances may require" on a fraudulent-transfer claim. Count VI (declaratory and injunctive relief) is derivative of the other counts and falls with them.

#### 3. Supplemental jurisdiction.

The Opposition agrees that if the federal claims are dismissed, § 1367(c)(3) permits the Court to decline supplemental jurisdiction. Opp. at 11. In the usual case where all federal claims are eliminated before trial, the balance of judicial economy, convenience, fairness, and comity points toward declining. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). This case is at the pleading stage. If the Court dismisses the RICO counts, it should decline jurisdiction over Counts I–VI and dismiss them without prejudice to refiling in state court, where the parties' dispute over the same Property is already pending on appeal.

### D. Leave to Amend and a Stay Are Not Warranted.

#### 1. Amendment would be futile.

Leave may be denied where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (leave is required unless it is clear the defects cannot be cured). The Opposition says the proposed Second Amended Complaint adds a money-laundering theory under 18 U.S.C. §§ 1956–1957. Opp. at 9, 11. That theory does not cure the defects above. The money-laundering statutes require proceeds of unlawful activity, *see* 18 U.S.C. § 1956(a)(1), (c)(7); § 1957(a), (f)(2), and the FAC expressly does not allege that the funds here are such proceeds. FAC ¶ 27. A new predicate also does not change the injury (the defeat of an interest the state court rejected), the causation

gap, or the pattern problem: two conveyances of one property. King Eye reserves its right to oppose any motion for leave to file that pleading.

**2. A stay is not an alternative to dismissal.**

The Opposition proposes a "limited stay" of any claim best sequenced after the state appeal. Opp. at 7, 12. A stay cannot supply jurisdiction over claims that seek relief from a state judgment, and it cannot cure pleading defects in the RICO counts that no outcome in CAAP-26-0000401 will repair. The Opposition's premise that a stay "prejudices no one" ignores that King Eye would remain a RICO defendant for as long as the appeal is pending.

## II. CONCLUSION

King Eye respectfully requests that the Court dismiss the FAC as to King Eye: Counts VII and VIII with prejudice; and Counts I–VI either for lack of jurisdiction, or by declining supplemental jurisdiction under 28 U.S.C. § 1367(c)(3), and deny Wu's alternative requests for leave to amend and a stay.

DATED: Honolulu, Hawaii; November 10, 2026.

*/s/ Charles A. Price*
CHARLES A. PRICE
Attorney for Defendant
KING EYE LLC

**CERTIFICATE OF COMPLIANCE (LR 7.4(e))**

I certify that this reply memorandum complies with the type-volume limitation of LR 7.4(c) and contains 2,764 words, excluding the caption, tables, and this certificate.

For the above reasons, King Eye respectfully requests that its Motion to Dismiss be granted.

DATED: Honolulu, Hawaii; November 10, 2026.

*/s/ Charles A. Price*
CHARLES A. PRICE
Attorney for Defendant
KING EYE LLC