# EXHIBIT "1"

DI WU
2995 Woodside Rd., #199
Woodside, California 94062
Telephone: 628-283-3260
Email: Difinity812@gmail.com

Plaintiff, Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF HAWAIʻI**

| | |
|---|---|
| DI WU,<br><br>Plaintiff,<br><br>vs.<br><br>KING EYE LLC; KOOHOO HALE LLC; DANDAN ZHANG; TIANLI MO, aka "TIM MO"; SHI CHEN (erroneously sued and served as "SHI SHEN"); and DOES 1–10,<br><br>Defendants. | CIVIL NO. 1:26-cv-00350-DKW-WRP<br><br>PLAINTIFF'S [PROPOSED] SUR-REPLY IN OPPOSITION TO DEFENDANT KING EYE LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF NO. 22), LIMITED TO NEW MATTER RAISED IN REPLY (ECF NO. 39)<br><br>Related Documents: ECF Nos. 22, 34, 39<br>Hearing: Vacated (ECF No. 35); decision without a hearing, LR 7.1(c)<br>Judge: Chief Judge Derrick K. Watson<br>Trial Date: None set |

## SUR-REPLY

## I. INTRODUCTION

King Eye's reply recasts the case as "two conveyances of one property" whose "objective has been achieved." (ECF No. 39 at 6, 12.) That is not what the

FAC pleads, and it is not what the public record shows. The FAC pleads a multi-year enterprise that moved Plaintiff's asserted interest out of reach through successive concealed-ownership entities, with Defendant Dandan Zhang at its center. (FAC ¶¶ 22–24, 58–61.) And the public record shows that the enterprise's structure did not dissolve when King Eye took title: eight months after the 2026 deed was recorded, the company that conveyed the house has shed its outside agent, gives that house as its only address, and lists Zhang as its only manager. This sur-reply answers only the points first raised in reply.

## II. THE PATTERN AS PLEADED, AND THE RECORD AFTER THE DEED

The FAC alleges that Zhang held title as nominee under a May 28, 2020 agreement that barred unilateral transfer (FAC ¶ 16); that her own messages acknowledged Plaintiff as a "joint owner" (*id.* ¶ 17); that in 2022 she told police she did not know Plaintiff and was sole owner (*id.* ¶ 29); that on June 3, 2024, within weeks after the first lis pendens expungement, the property moved from Zhang to Koohoo Hale, LLC (*id.* ¶¶ 30–31); and that on February 12, 2026, it moved to King Eye LLC, formed the same day behind a single foreign nominal member (*id.* ¶ 32). The 2020 and 2022 events are pleaded as evidence of knowledge and method, not as predicates. (*Id.* ¶¶ 29, 60.) The litigation declarations the FAC describes are likewise pleaded only as evidence of the enterprise's method. (*Id.* ¶ 35.)

Public records filed with Plaintiff's concurrently filed service motion add three facts, each from an instrument whose existence and content the Court may notice, as King Eye itself asks the Court to do with state-court records (ECF No. 39 at 4). Fed. R. Evid. 201(b)(2). *First*, the 2026 deed was signed for the seller "By: Dan Dan Zhang, Its Manager," and it gives the buyer's address as 1039 Koohoo Place — the house conveyed. (Service Mot. Ex. D.) *Second*, Zhang later declared that she no longer retains "any possessory right, title, or interest in the Property." (*Id.*, Zhang Decl. ¶ 9.) *Third*, the seller's registry record changed after the sale, and every change points back to the house and to Zhang. In April 2025, Koohoo Hale, LLC listed a commercial registered agent in downtown Honolulu and Shi Chen as manager, as the FAC alleged. (Service Mot. Ex. F; FAC ¶ 31.) A Resignation of Agent was filed on August 31, 2026. Today the record lists no agent, gives 1039 Koohoo Place as the company's principal and mailing address, and names Zhang as its only manager. (Service Mot. Ex. A.)

The inference is direct, and Plaintiff labels it as one. A seller that had truly parted with the house would have no reason, months after the sale, to make that house its only address of record, with the person who signed the deed as its only manager, while the buyer gives the same house as its own address. The 2026 deed changed paper title, not control. No explanation has been offered, and at the pleading stage the Court must draw this reasonable inference in Plaintiff's favor.

## III. ARGUMENT

### A. "Two conveyances of one property" is not the test for a pattern.

A pattern requires "continuity plus relationship." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). Predicates are related when they "have the same or similar purposes, results, participants, victims, or methods of commission." *Id.* at 240. The FAC pleads every one of those links: the same purpose, the same victim, the same method of concealed-ownership transfer, and the same participants, with Zhang on both sides of the chain. (FAC ¶ 61.)

King Eye's real argument is that one scheme aimed at one property can never be a pattern. *H.J. Inc.* rejected that kind of rule. It held that, while proof of multiple schemes "would certainly be highly relevant," it is "implausible to suppose that Congress thought continuity might be shown only by proof of multiple schemes." *Id.* at 240–41. "'Continuity' is both a closed- and open-ended concept." *Id.* at 241. Closed-ended continuity may be shown "by proving a series of related predicates extending over a substantial period of time," as opposed to acts "extending over a few weeks or months and threatening no future criminal conduct." *Id.* at 242. The two predicates pleaded here are about twenty months apart, from June 2024 to February–March 2026. (FAC ¶ 59.)

Open-ended continuity may be shown where "the predicate acts or offenses are part of an ongoing entity's regular way of doing business." *Id.* at 242. The FAC pleads exactly that: a "demonstrated and repeatable nominee/shell/remote-declaration method" used across entities and actors. (FAC ¶¶ 35, 61.) And the reply's premise that the operation ended when "King Eye has title" is contradicted by the public record. The selling company still stands. After

the sale its outside agent was removed, its only address of record is the house, and its only manager is Zhang; the buyer lists the same house. (Part II.) An enterprise that keeps its vehicles in place after the transfer is not one whose "objective has been achieved." At minimum, the question is one of fact.

**B. Recording a deed does not disclose who controls the grantee.**

The reply argues that "nothing was concealed" because the deeds and lis pendens were recorded. (ECF No. 39 at 7.) But the concealment the FAC pleads is of beneficial ownership and control, not of the deeds' existence. (FAC ¶¶ 22, 24, 31–32, 59.) A recorded deed reveals only the name of the paper grantee. Here, the record reveals more: a grantee whose stated address is the conveyed house, and a seller that still claims that house as its address and Zhang as its manager after Zhang swore that she no longer has any interest in it. (Part II.) Rule 9(b) requires particularity as to the circumstances of fraud, but "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). As to each defendant's role, the FAC identifies it: Zhang held title and initiated the transfers; Koohoo Hale and King Eye were formed and used to receive title and execute and record the deeds; and King Eye was formed the same day as the deed to it. (FAC ¶¶ 32, 58.)

**C. The 2026 deed was a separate act, not a consequence of the state rulings.**

The reply argues that the 2026 deed "cannot have caused the loss of an interest the state court had already rejected." (ECF No. 39 at 8.) Three points answer this.

*First*, King Eye concedes that the state judgment is not final for preclusion purposes while Plaintiff's timely appeal is pending. (*Id.* at 4.) The rulings it cites are on appeal in CAAP-26-0000401 (FAC ¶ 36), and the companion summary judgment in the parallel district-court case has already been vacated on appeal (*id.* ¶ 36B).

*Second*, the record King Eye cites does not say what the reply says. The 2022 and 2024 title rulings rest on Land Court registration statutes. (ECF No. 22-4, Concl. ¶ 6.) The agreement and lease were "deemed by operation of law under the Admissions to be forgeries." (*Id.*, Concl. ¶ 8.) The expert findings describe the absence of a timely counter-designation. (*Id.*, Concl. ¶¶ 9–10.) None of that decides whether the parties' 2024 and 2026 transfers placed the property beyond the reach of Plaintiff's pending claim.

*Third*, the injury the FAC pleads is the placement of the property beyond reach "through the concealed 2024 and 2026 transfers" — "the transfers themselves were the mechanism of the injury." (FAC ¶ 62.) That injury was inflicted by the parties, not by the state court. Zhang signed the 2026 deed on February 12, 2026, five days before the state court entered final judgment. (Service Mot. Ex. D; ECF No. 22-5.) A claim that the defendants' own transfers defrauded a creditor is an "independent claim," even if it "denies a legal conclusion that a state court has reached." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (citation omitted). Whether any state ruling has preclusive effect is a question of state preclusion law, *id.*, which King

Eye agrees the Court need not reach. (ECF No. 39 at 4–5.)

**D. The conspiracy count does not require that King Eye managed the enterprise.**

The reply argues that taking title is not operating or managing an enterprise. (ECF No. 39 at 5.) The FAC pleads that alternative under § 1962(d). (FAC ¶ 58.) A conspirator need not agree to commit every act: "it suffices that he adopt the goal of furthering or facilitating the criminal endeavor," and "[o]ne can be a conspirator by agreeing to facilitate only some of the acts leading to the substantive offense." *Salinas v. United States*, 522 U.S. 52, 65 (1997). The FAC pleads facts from which that agreement may be inferred: a buyer formed the same day as the deed, acquiring an off-market property from a company that, on the public record, still sits at the same house under the same manager. (FAC ¶¶ 32–33; Part II.)

**E. Dismissal with prejudice is not warranted.**

The reply argues futility against a proposed amended pleading that is not before the Court, while reserving the right to oppose it. (ECF No. 39 at 11–12.) By King Eye's own description of its authority, leave is required unless it is clear the defects cannot be cured. (*Id.* at 11 (citing *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc)).) The public-record facts in Part II, which post-date the FAC, show that they can.

**IV. CONCLUSION**

The Court should disregard the new matter in King Eye's reply under LR 7.2 or, if it considers that matter, deny the motion to dismiss for the reasons stated here and in Plaintiff's opposition. In the alternative, Plaintiff requests leave to amend. Plaintiff also asks the Court to consider his concurrently filed motion for service on Zhang, so that the defendant at the center of the alleged pattern is before the Court.

DATED: November 16, 2026.

/s/ Di Wu
DI WU
Plaintiff, Pro Se
Difinity812@gmail.com
Tel: 628-283-3260